GEORGE S. RAYMER *vs.* TAX COMMISSIONER.

Middlesex.    March 15, 1921. — September 15, 1921.

Present: RUGG, C. J., BRALEY, PIERCE, CARROLL, & JENNEY, JJ.

*Tax,* On income, Abatement.    *Constitutional Law,* Taxation.    *Practice, Civil,* Parties.    *Public Officer.   Words, " Property."*

The right sought to be enforced by a complaint, filed under G. L. c. 62, § 47, for the purpose of appealing from a refusal of the Tax Commissioner to abate an income tax, is in substance and effect against the Commonwealth; and it is not necessary, upon the retirement of the Tax Commissioner and the appointment and qualification of his successor while such a complaint is pending, to amend the complaint by substituting the new commissioner as the party respondent.

The words of art. 44 of the Amendments to the Constitution of the Commonwealth are to be interpreted as expressing comprehensive principles of government and are not to be given a narrow or contracted signification.

The word "property" as used in art. 44 of the Amendments to the Constitution of the Commonwealth includes contracts for labor and service.

It was not contrary to art. 44 of the Amendments to the Constitution of the Commonwealth to assess, under St. 1919, c. 324, § 1, an income tax upon salary received by a citizen of this Commonwealth as an associate professor in a university.

COMPLAINT, filed in the Superior Court on September 17, 1920, under St. 1916, c. 269, § 20, for the purpose of appealing from the refusal of the Tax Commissioner to abate an income tax assessed upon the complainant under the provisions of St. 1919, c. 324, § 1.

While the complaint was pending in the Superior Court, William D. T. Trefry, who had been tax commissioner when the complaint was filed, was succeeded by Henry F. Long, and the complainant thereupon filed a motion to amend his complaint by substituting the new commissioner as respondent.

The respondent's answer admitted the allegations in the complaint, and the case was reported by *Wait,* J., to this court for determination upon the complaint, the answer and the complainant's motion to amend.

*J. M. Maguire,* for the complainant.

*E. H. Abbot, Jr.,* Assistant Attorney General, for the respondent.

RUGG, C. J. This is a complaint under St. 1916, c. 269, § 20
(see now G. L. c. 62, § 47), for the abatement of an income tax.
The person named in the complaint as respondent in his official
capacity as commissioner of corporations and taxation retired from
that office and has been succeeded by another. The right sought to
be enforced is in substance and effect against the Commonwealth.
In the event that the complainant prevails, no judgment or decree
is made up in the ordinary form and no execution runs against
the respondent. The decision of the court must be expressed in
special form to conform to the words of the statute. The State
treasurer is required by the express terms of the statute to repay
the amount of the abatement to the complainant with interest
at the rate of six per cent per annum from the time the tax was
paid and costs. The decision of the court must conform to the
terms of the statute because the Commonwealth as the sovereign
power has the right to fix absolutely the terms on which it may be
impleaded in its own courts, the form in which the decision of the
court shall be expressed, and the method by which the adjudi-
cation of the court shall be satisfied. *McArthur Brothers Co.* v.
*Commonwealth,* 197 Mass. 137. There is established by this stat-
ute a continuing duty to refund the abatement, if and when
awarded by the court, by an officer of the Commonwealth different
from the one named as the respondent. The duty and obligation
thus created are quite irrespective of the particular incumbent of
the office of commissioner of corporations and taxation. In case
there is a change in the person holding that office during the pen-
dency of the complaint, no amendment is necessary substitut-
ing his successor as respondent. *Knights* v. *Treasurer & Receiver
General,* 236 Mass. 336, at page 339, where cases are collected.
The complainant's motion for such amendment should be denied.

The tax in controversy was assessed in 1920 at the rate of two
and one half per cent in respect of income received during the pre-
ceding year by the complainant as associate professor in "Harvard
University." One and one half per cent was assessed in accordance
with St. 1916, c. 269, § 5 (b). This tax is conceded to have been
valid. A further tax of one per cent, amounting to $10.99, was
levied under St. 1919, c. 324. It was provided by § 1 of that act
that in addition to other income taxes theretofore required, "an
additional tax of one per cent on all income received during the

calendar years nineteen hundred and eighteen and nineteen hundred and nineteen, taxable under the provisions of paragraph (b) of section five of the said chapter" should be levied.

The contention of the complainant is (1) that the income on which he has been taxed is "not derived from property," as those words are used in the Forty-fourth Amendment to the Constitution; (2) that under that amendment income not derived from property cannot be taxed at a higher rate than any income derived from property; and (3) that since income derived from annuities is taxed under St. 1916, c. 269, § 5 (a) at only one and one half per cent per annum, a tax upon his salary as associate professor cannot lawfully be exacted in excess of that rate.

The pertinent words of the Forty-fourth Amendment are these: "Full power and authority are hereby given and granted to the general court to impose and levy a tax on income in the manner hereinafter provided. Such tax may be at different rates upon income derived from different classes of property, but shall be levied at a uniform rate throughout the commonwealth upon incomes derived from the same class of property. The general court may tax income not derived from property at a lower rate than income derived from property, and may grant reasonable exemptions and abatements."

The words of this amendment, like all constitutional provisions, are to be interpreted as expressing comprehensive principles of government. They are not to be given a narrow or constricted signification. They have meaning in accordance with the common understanding at the time. They are to be construed in such way as to carry into effect what seems to be the reasonable purpose of the people in adopting them. *Attorney General* v. *Methuen,* 236 Mass. 564, 573. The Constitution and its amendments are also to be construed as an harmonious whole. Words occurring in different places in the Constitution and its amendments ordinarily should be given the same meaning unless manifestly used in different senses. It already has been held that this amendment is to be interpreted so as to include every item of wealth accruing to the taxpayer during a stated period which can fairly be regarded as income. *Tax Commissioner* v. *Putnam,* 227 Mass. 522.

The words "income not derived from property" and "income derived from property" in the Forty-fourth Amendment are to

be interpreted in the light of these principles. The word "property" occurs in several places in the Constitution and its amendments both of this Commonwealth and of the United States. "Property" is a word of large import. It has been interpreted as including the right to make contracts for labor and for personal service. Decisions to that effect had been rendered by courts of the highest authority before the adoption of the Forty-fourth Amendment. It was said in *Coppage* v. *Kansas*, 236 U. S. 1, at page 14 (affirming earlier decisions in this particular), "Included in the right of personal liberty and the right of private property — partaking of the nature of each — is the right to make contracts for the acquisition of property. Chief among such contracts is that of personal employment, by which labor and other services are exchanged for money or other forms of property." This was but a redeclaration of the principle of *Adair* v. *United States*, 208 U. S. 161. Cases to this point are collected and reviewed in *Bogni* v. *Perotti*, 224 Mass. 152, 154, 155, where the same conclusion was reached. It is not open to question that contracts for labor and service are "property" within the meaning of that word in both the Federal and State Constitutions, and as such they are entitled to the protection of the numerous guarantees thereby afforded. It would be a strained and unnatural construction to hold that that which was "property" for the purposes of the protections afforded by the Constitution was not "property" for the purposes of the taxation of income "derived from property" authorized by an amendment to this same instrument.

There are other classes of income which may be thought to be "not derived from property." Hence those words in the amendment may be given force and effect if and when the General Court shall make such classification for purposes of taxation.

The decision of this point is decisive against the complainant and it becomes unnecessary to consider the other contentions made in his behalf.

It follows that the entry must be judgment for the respondent for expenses and costs. G. L. c. 62, § 47; c. 59, § 68.

*So ordered.*