FOULKS *v.* FOULKS.

(Decided May 23, 1934.)

*Mr. H. H. Emmons,* for plaintiff in error.
*Messrs. Black, McCuskey, Ruff & Souers,* for defendant in error.

SHERICK, P. J. This is an action for divorce and alimony, prosecuted to this court by Marion R. Foulks,

the defendant below. The trial court entered a decree of divorce in favor of the wife upon her petition, and in addition thereto, and among other things by way of alimony and division of the property, awarded to the wife a certain policy of insurance. It is charged in this court that the trial court erred in awarding to the wife too great a portion of the husband's estate, and, especially, in ordering him to surrender and turn over this certain policy of insurance.

The policy in question is a twenty-year endowment policy. It was issued upon the life of the husband before he became of legal age; but upon his own application, which is attached to and made a part thereof. The fact appears that the grandmother of the plaintiff in error took out this policy, along with three others, and that she paid the premiums out of her moneys and permitted the dividends to accumulate. Since her death the premiums have been paid out of these accumulated dividends. The policy as originally issued was made payable "to the insured, if living, otherwise to Frances A. Foulks, his grandmother, if living, otherwise to the executors, administrators or assigns of the insured." Thereafter, in May of 1924, the name of the father of the plaintiff in error was added, and the beneficiary clause now reads "to the Insured, if living, otherwise to Frances A. Foulks, my grandmother, if living. Otherwise to Wallace S. Foulks, my father, if living at my decease, otherwise to me, my executors, administrators or assigns." It appears from the record that the husband never paid any of the premiums on this policy, and the same may be said of the husband's father.

We find it stipulated in the application: "I desire, without the consent of any beneficiary, to exercise such rights and options as have 'Yes' written after them. If (e), (f), (g), (h), or any of them are to be exercised, I am to receive all of the benefits arising therefrom.

"(a)  Change of Beneficiary.......... Yes.
"(b)  Loans to pay Premiums........ Yes.
"(c)  Reinstatement ................ Yes.
"(d)  Settlement Options............ Yes.
"(e)  Surrender Options............ Yes.
"(f)  Cash Loans.................... Yes.
"(g)  Dividend Rights Prior to Ma-
        turity of Policy.............. Yes.
"(h)  Receipt of Proceeds as Endow-
        ment ...................... Yes."

We find further that the policy upon its face, under "Rights of Insured," provides that "without the consent of any Beneficiary the Insured may exercise any option or right retained in the Application herefor."

We have recited these provisions because of the fact that such undisputedly show that the grandmother did not intend to retain any equity in the property as beneficiary because of her payment of the premiums. There are no contractual features present, no intention to create a vested right in her; rather the intent and disposition of the grandmother was to make a gift of this policy, and the rights therein accorded the insured, to her grandson. It is also clear that the father of the plaintiff in error had no vested right therein because of any payment of premiums, for he never made any. These observations are of importance in view of the court's pronouncement in *Manhattan Life Ins. Co.* v. *Smith,* 44 Ohio St., 156, 163, 5 N. E., 417, 58 Am. Rep., 806.

It may here further be said that this controversy is provoked by reason of the fact that this policy now has a cash surrender value of approximately $2,000, and that the father of the assured is not a party to this suit and here contending, and that the insurer is indifferent to the outcome of this action and stands ready to pay the policy's cash surrender value upon proper demand.

Irrespective of the father's nonpayment of any premiums, it may be appropriately remarked that the following is held in *Oetting, Guardian,* v. *Sparks,* 109 Ohio St., 94, 143, N. E., 184:

"The right of a beneficiary in a contract of insurance which reserves to the insured the right to change the beneficiary from time to time, and which may be defeated by the insured by the designation of another beneficiary, or by nonpayment of dues, does not become vested until the happening of the event which matures the policy."

From this holding, as applied to the facts herein and the provisions of this policy, it is evident that the father of the insured has nothing more than a contingent interest therein which would only become vested, if the beneficiary clause remained unchanged, upon the happening of the certain event contemplated, that is, the death of the assured, which has not transpired.

It is equally evident that some one has, however, certain present assertable rights under this policy, such as "change of beneficiary", to procure "cash loans" thereon, and to take advantage of "surrender options", and that that someone is unquestionably the insured. He is invested with these contractual rights, which are without doubt valuable rights to property, and which are as much a part of the insured's present vested estate, as a bond or a note due him. Surely if these rights were exercised the fruits obtainable therefrom would be property.

The facts must be constantly kept in mind in solving the presented question that the beneficiary first named in this policy is the insured himself, and that he has by its terms the absolute power to change the beneficiary. This is not one of those policies which provides that the beneficiary may not be changed without the beneficiary's consent; neither is it one wherein the policy is silent; nor are any equities to be found re-

posing in the insured's father by reason of payment of premiums, or change of position.

Having these matters before us we confess our inability to see any distinction between the present situation and one in which a bankrupt finds himself at time of adjudication with reference to life insurance. It is well understood and aptly expressed in *Cohen* v. *Samuels*, 245 U. S., 50, 62 L. Ed., 143, 38 S. Ct., 36, that:

"A policy of insurance held by a bankrupt, which has a cash surrender value at the time of the adjudication, becomes an asset, to the extent of such value, in the trustee, under Section 70-a of the Bankruptcy Act, even when the policy is payable to a beneficiary other than the bankrupt, his estate or personal representatives, if the bankrupt has reserved absolute power to change the beneficiary."

If it is property in the one case it is surely property in the other. It is further reasoned in the same authority:

"Under such conditions to hold that there was nothing of property to vest in a trustee would be to make an insurance policy a shelter for valuable assets and, it might be, a refuge for fraud."

One might contemplate divorce as some do bankruptcy; and if the rule of *Cohen* v. *Samuels, supra,* were unsound, a conniving husband might by divorce defraud his wife and family of that sustenance to which they are justly entitled.

In *Wallace* v. *Mutual Benefit Ins. Co.,* 97 Minn., 27, 106 N. W., 84, 3 L. R. A. (N. S.), 478, we find a case of interest, in that the divorced wife is held to have a vested right in a policy of insurance wherein she was named as beneficiary; no right to change the beneficiary being reserved therein. It is significant that such an interest was held to be property which might have been the subject of a settlement of property rights in a divorce action.

In *Shoemaker* v. *American Nat. Ins. Co.* (Tex. Civ. App.), 48 S. W. (2d), 612, it is held that a "property settlement contract made in contemplation of divorce, giving wife husband's life policy on which there would shortly mature option to obtain participating paid-up policy or cash surrender value" was valid.

But it is suggested that these views are in conflict with Section 9394, General Code, which provides:

"All contracts of life or endowment insurance or annuities upon the life of any person, or any interest therein, which may hereafter mature, and which have been or shall be taken out for the benefit of, or made payable, by change of beneficiary, transfer or assignment to, the wife or children, or any relative dependent upon such person, or any creditor, or to a trustee for the benefit of such wife, children, dependent relative or creditor, shall be held, together with the proceeds or avails of such contracts, subject to a change of beneficiary if desired, free and clear from all claims of the creditors of such insured person or annuitants * * * "

It should be quickly discernible that this is not true for several reasons; first, the husband or the insured is not within the class named; second, it is not shown by the record that the change in beneficiary in favor of the husband's father was made because the father was dependent upon the insured, in fact it affirmatively appears that the father had some substance and had bought a half interest in a store in Florida, which he contemplated giving to the insured, his son; third, the wife is not a creditor of the insured husband. The Ohio rule is clearly stated in *Fickel* v. *Granger,* 83 Ohio St., 101, 106, 93 N. E., 527, 32 L. R. A. (N. S.), 270, as follows:

"Alimony is an allowance for support, which is made upon considerations of equity and public policy. It is not property of the wife recoverable as debt, damages or penalty. *State on complaint of Cook* v. *Cook,*

66 Ohio St., 566. It is based upon the obligation, growing out of the marriage relation, that the husband must support his wife, an obligation which continues even after legal separation without her fault.''

And it is equally well established in this state that the term ''alimony'' comprehends a division of property accumulated by the joint efforts of a domestic partnership, as well as an allowance for separate maintenance, and this is especially true in the present case when the wife is awarded the divorce and the care and custody of the minor child of their union.

There is nothing improper in such a decree in ordering the insured to make an election to receive the cash surrender value of the policy, and to cause the sum so received to be paid to the wife as alimony and support of their minor child. We therefore see no error in this respect.

We have fully advised ourselves from the record as to the quantum of the husband's property and we are unable to be convinced that the trial court made an unequal or unfair division of the husband's property. The judgment must therefore be affirmed.

*Judgment affirmed.*

MONTGOMERY, J., concurs.
LEMERT, J., dissents.