JULIA A. TITUS *vs.* HELEN E. TERKELSEN.

Middlesex.   November 10, 1938. — December 31, 1938.

Present: FIELD, C.J., LUMMUS, DOLAN, COX, & RONAN, JJ.

*Contract*, Construction.   *Evidence*, Competency.   *Words*, "Property."

At the trial of an action of contract based on an agreement made between the parties, heirs of a former owner of real estate at a certain address, that the plaintiff would pay all taxes, mortgages and other expenses as they became due "on said property" and that the defendant would reimburse him for two thirds of the amount so paid on "said property," evidence was admissible of a payment by the plaintiff of a tax, assessed before the death of the previous owner, on furnishings in the house at that address, although there was other evidence that at some time not stated the plaintiff claimed title to the furnishings and the claim was allowed.

CONTRACT.   Writ in the District Court of Newton dated January 13, 1937.

On removal to the Superior Court, the action was tried before *Whiting*, J.   The only exception before this court was to the admission of the evidence described in the opinion.

*H. F. R. Dolan*, for the defendant, submitted a brief.

*H. M. Leen*, for the plaintiff.

DOLAN, J.   This is an action of contract which was tried to a jury.   The jury returned a verdict for the plaintiff in the sum of $885.25 and for the defendant on her declaration in set-off in the sum of $87.15.   The plaintiff's declaration is in two counts.   The first count contained substantially the following allegations: Albert G. Titus died intestate, leaving as his heirs at law the plaintiff, his widow, and the defendant, his adopted daughter.   The plaintiff was appointed administratrix of his estate, and after qualifying as such she had numerous conversations with the defendant regarding the real estate situated at 48 Old Colony Road, Chestnut Hill, in this Commonwealth, which had been owned by the deceased.   The plaintiff and the defendant discussed the matter of taxes, mortgages and other ex-

penses which might become due "on the property at #48 Old Colony Road," and, as a result of these conversations, the plaintiff agreed to pay all taxes, mortgages and other expenses as they became due "on said property" and the defendant agreed to reimburse the plaintiff for two thirds of the amount so paid on "said property." Pursuant to said agreement the plaintiff "paid in taxes, mortgages and other expenses," a certain sum of money. Repeated demands were made upon the defendant for reimbursement of two thirds of the sum so paid by the plaintiff, but the defendant refused to make such payment.

During the course of the trial, subject to the defendant's exceptions, evidence was introduced of a payment of $66.50 made by the plaintiff in satisfaction of a tax on the furnishings in the house at 48 Old Colony Road, which furnishings were assessed on January 1, 1934, as the property of the plaintiff's husband, who died January 31, 1934. The defendant contends that the evidence relating to the payment of this tax was improperly admitted for the reason that under the allegations of the plaintiff's declaration she is limited to recovery for payments made by her which were charges on the real estate involved, and that evidence of payments on account of the personal property contained therein was outside the scope of and at variance with the pleadings.

While it is alleged in the first count of the plaintiff's declaration that the parties had numerous conversations regarding "the real estate . . . at #48 Old Colony Road," we think that allegation cannot be taken to be more than a statement of the general type of those conversations, and that the scope of the declaration must depend on the words which express the agreement that was reached between the parties, namely, that the plaintiff agreed to "pay all taxes, mortgages, and other expenses as they became due on said property [at 48 Old Colony Road] and the defendant agreed to reimburse the plaintiff for two thirds of the amount so paid on said property." There was evidence from which the jury could have found that such was the agreement.

The word "property" as thus used is controlling. It is a word of comprehensive meaning. *Holbrook* v. *Brown,* 2 Mass. 280, 282. *Raymer* v. *Tax Commissioner,* 239 Mass. 410, 413. In its ordinary legal signification it "extends to every species of valuable right and interest, and includes real and personal property . . . ." *Boston & Lowell Railroad* v. *Salem & Lowell Railroad,* 2 Gray, 1, 35. *Watson* v. *Boston,* 209 Mass. 18, 23. The words "at #48 Old Colony Road" are words indicating the location of the "property." They do not limit the meaning of that word so as to exclude personal property. The scope of the agreement alleged in the declaration was therefore sufficient to include payment and reimbursement of charges on both real and personal property. This conclusion applies as well to the second count of the plaintiff's declaration upon an account annexed, which recites that the defendant owes the plaintiff $961.58 "For payment of taxes, mortgages and other expenses on property located at #48 Old Colony Road . . . ." It follows that the evidence of the payment of the tax on the personal property involved was properly admitted.

As the evidence relative to the payment of this tax was properly admitted, its competency was not affected by the subsequent testimony of the plaintiff to the effect that, at some time not indicated in the record, she claimed the personal property upon which the tax was assessed as her own and that her claim was allowed. There was evidence that the personal property in question was assessed to the intestate as the owner shortly before his death. The question of ownership as thus presented was one of fact for the jury, and we cannot say as matter of law that in the determination of this fact there was error. *Hammond* v. *Wadhams,* 5 Mass. 353, 354. *Larson* v. *Boston Elevated Railway,* 212 Mass. 262, 267. *Kelleher* v. *Newburyport,* 227 Mass. 462, 465. *Mahoney* v. *Wilson,* 260 Mass. 412, 414. See *Blackman* v. *Coffin,* 300 Mass. 432, 437.

*Exceptions overruled.*