W. L. WOMACK V. DOROTHY WOMACK.

No. 8098. Decided June 16, 1943.
(172 S. W., 2d Series, 307.)

*Mayfield & Lee, Earl B. Mayfield, W. Edward Lee* and *J. A. Lantz,* all of Tyler, for petitioner.

On the question of whether a life insurance policy is property. Russell v. Russell, 79 S. W. (2d) 639; Fain v. Fain, 93 S. W. (2d) 1226; Whiteselle v. Northwest Mutual Life Ins. Co., 221 S. W. 575.

*Florence, Florence & Meredith,* of Gilmer, for respondent.

On the question of whether the cash surrender value of a life insurance policy on the life of a married person is community property. Locke v. Locke, 143 S. W. (2d) 637; Berdoll v. Berdoll, 145 S. W. (2d) 227; Kirberg v. Worrell, 44 S. W. (2d) 940.

MR. JUSTICE SHARP delivered the opinion of the Court.

Petitioner and respondent were divorced in April, 1941. The divorce decree made no disposition of four life insurance policies, three insuring the life of the husband, naming the wife as bene-ficiary, and one insuring the life of the wife, naming the husband as beneficiary. At the time of the divorce decree the cash surrender value of the policies on the life of the husband was $1,542.84, and the cash surrender value of the policy on the life was $252.00. All of the policies were obtained during the married life of the husband and wife, and all premiums were paid from their community funds. The terms of the policies remained unchanged from the time of their issuance to the date of the divorce decree. None of the policies were assigned. The husband and wife divided the other property rights between them, but the legal question as to whether the cash surrender value of the policies constituted community property was left open for determination by the courts as if no divorce had been granted, to the end that the parties should not be prejudiced by the fact that the divorce had been granted. In the trial of this cause the husband and wife agreed to account for the amount of the cash surrender value of each policy, should same be decreed community property. The trial court held that the cash surrended value of the policies at the date of the divorce decree constituted community property, and entered judgment in favor of respondent and against petitioner for one-half of the difference between the cash surrender value of the policy upon the life of respondent and the amount of the cash surrender value of the policies upon the life of petitioner. The Court of Civil Appeals affirmed the judgment of the trial court. 168 S. W. (2d) 663. This Court granted a writ of error based upon the allega-

tion that the opinion of the Court of Civil Appeals in this case conflicted with the opinion in the case of Whiteselle v. Northwestern Mutual Life Ins. Co. (Com. App.), 221 S. W. 575.

The only question presented here for determination is whether the cash surrender value of the life insurance policies is community property.

Article 4619, Vernon's Annotated Civil Statutes, as amended in 1927, defines community property as follows: "All property acquired by either the husband or wife during marriage, except that which is the separate property of either, shall be deemed the common property of the husband and wife; and all the effects which the husband and wife possess at the time the marriage may be dissolved shall be regarded as common effects or gains, unless the contrary be satisfactorily proved."

■ The word "property" has been frequently defined and its meaning determined by many decisions of the courts. In the case of Titus v. Terkelsen, 18 N. E. (2d) 444, 445, 302 Mass. 84, the court, in discussing the word "property," said: "It is a word of comprehensive meaning. Holbrook v. Brown, 2 Mass. 280, 282; Raymer v. Tax Commissioner, 239 Mass. 410, 413, 132 N. E. 190. In its ordinary legal signification it 'extends to every species of valuable right and interest, and includes real and personal property * * *.'" For a further discussion of what the word "property" means and includes, see Lee v. Lee, 112 Texas 292, 247 S. W. 828; Speer's Law of Marital Rights in Texas, pp. 389-392; Southern Pac. Co. v. Riverside County, 95 Pac. (2d) 688, 692, 35 Cal. App. (2d) 380; Texas Company v. Hauptman, 91 Fed. (2d) 449, par. 3, p. 451; Nashville, C. & St. L. R. Co. v. Wallace, 288 U. S. 249, 268, 53 S. Ct. 345, 350, 77 L. Ed. 730, 87 A. L. R. 1191; Bromley v. McCaughn, 280 U. S. 124, 136, 50 S. Ct. 46, 47, 74 L. Ed. 226.

■ It is true that in the early decisions of the courts of this country, including the decisions of the courts of this State, it was held in some of them that policies of life insurance were not property. The history of Article 4619, as amended, clearly shows that the Legislature intended to give the term "community property" a broader meaning than it was originaly given. Many of the modern decisions hold that a life insurance policy is property. In the case of Grigsby v. Russell, 222 U. S. 149, 56 L. Ed. 133, Mr. Justice Holmes, speaking for the Supreme Court of the United States, said: "Life insurance has become in our days one of the best recognized forms of investment and

self-compelled saving. So far as reasonable safety permits, it is desirable to give. to life policies the ordinary characteristics of property." See also Griffin v. McCoach et al, 116 Fed. (2d) 261; Shoemaker v. Harrington (Civ. App.), 30 S. W. (2d) 539, id. (Com. App.), 48 S. W. (2d) 612.

The word "property" in our bankruptcy laws is construed to include the "cash surrender value" of life insurance policies, and such property rights pass to the creditors of the insured. The courts recognize the right of the insured to pay his creditors the "cash surrender value" of his policy and retain the policy. Hiscock v. Mertens, 205 U. S. 202, 27 S. Ct. 488, 51 L. Ed. 771; In re Welling, 113 Fed. 189, 191, 51 C. C. A. 151. The courts of this State have held that the "cash surrender value" of a policy is property, and may be considered and treated as community property. Shoemaker v. Harrington, supra; Russell v. Russell, 79 S. W. (2d) 639; Locke v. Locke, 143 S. W. (2d) 637; Berdoll v. Berdoll, 145 S. W. (2d) 227. See also Foulks v. Foulks, 49 Ohio App. 291, 197 N. E. 201, 203; Equitable Life Assurance Society of U. S. v. Hitchcock, 270 Mich. 72, 258 N. W. 214, 106 A. L. R. 591; Davis v. Cramer, 133 Ark. 224, 202 S. W. 239, 244; In re Cooper's Estate, 28 Fed. (2d) 438, 440.

■ In the recent case of Blackmon et al v. Hansen, 140 Texas 536, 169 S. W. (2d) 962, this Court held "that proceeds of a life insurance policy, taken out by the husband and payable to the estate of the decedent, the premiums of which were paid for with community property belonging to the community estate, are one-half the property of the wife, and that said part is no part of the estate of the husband." Martin v. Moran, 32 S. W. 904, 11 Tex. Civ. App. 509; Lee v. Lee, 112 Texas 392, 247 S. W. 828; State v. Jones, 290 S. W. 244, reversed on other grounds, Jones v. State, 5 S. W. (2d) 973. For an exhaustive discussion of the cases relating to this subject, we cite Texas Law Review, Vol. 17, p. 121.

The trial court and the Court of Civil Appeals correctly held that the cash surrender value of the policies was community property, and that respondent was entitled to judgment for one-half thereof.

The rule announced in the case of Whitesell v. Northwestern Mutual Life Ins. Co., supra, as well as in any other case holding contrary to the rule announced herein, is expressly overruled.

The judgments of the trial court and Court of Civil Appeals are hereby affirmed.

Opinion delivered June 16, 1943.