

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

September 27, 1949

Honorable Robert S. Calvert
Comptroller of Public Accounts
Austin, Texas

Opinion No. V-914.

Re: Inclusion of one-half of cash
surrender value of certain
insurance policies on surviv-
ing spouse's life in deceased
spouse's estate for inherit-
ance tax purposes.

Dear Sir:

You have requested the opinion of this office as to the inclusion of one-half of the cash surrender value of certain insurance policies on the life of a surviving spouse in the estate of the deceased spouse for inheritance tax purposes. All of the policies were acquired after marriage. All premiums were paid from community funds. None of the policies have ever been assigned, and at all times the deceased spouse was the beneficiary of said policies although the policies contained the usual provisions authorizing the insured to change the beneficiary at will, etc. The surviving spouse does not presently contemplate surrendering the policies.

In Womack v. Womack, 141 Tex. 299, 172 S.W.2d 307 (1943), the Supreme Court held that the cash surrender value of policies of the type above described was community property. In the Womack case the parties had been divorced in April, 1941, but the divorce decree had made no disposition of four life insurance policies, three insuring the life of the husband and one insuring the life of the wife. The policies on the life of the husband had a cash surrender value of $1,542.84 at the time of the divorce decree, and the cash surrender value of the policy on the life of the wife was at that time $252.00. All of the policies were obtained during the married life of the husband and wife, and all premiums were paid from their community funds. All of the other property rights had been adjusted, but the legal question as to whether the cash surrender value of the policies constituted community property was left open for determination by the courts as if no divorce had been granted, to the end that the parties should not be prejudiced by the fact that the divorce had been granted. The trial court held that the cash surrender value of the policies constituted community property at the date

of the divorce and entered a judgment in favor of the wife for one-half of the difference between the cash surrender value of the policy upon the life of the wife and the amount of the cash surrender value of the policies upon the life of the husband. The Court of Civil Appeals affirmed. The Supreme Court granted writ of error based upon the allegation that the opinion of the Court of Civil Appeals conflicted with the opinion in Whiteselle v. Northwestern Mut. Life Ins. Co., 221 S.W. 575 (Tex. Comm. App. 1920).

We quote from the opinion of the Supreme Court:

"Article 4619, Vernon's Annotated Civil Statutes, as amended in 1927, defines community property as follows: 'All property acquired by either the husband or wife during marriage, except that which is the separate property of either, shall be deemed the common property of the husband and wife; and all the effects which the husband and wife possess at the time the marriage may be dissolved shall be regarded as common effects or gains, unless the contrary be satisfactorily proved.' "

The court discussed the meaning of the word "property", quoting with approval the following excerpt from Titus v. Terkelsen, 302 Mass. 84, 18 N.E.2d 444, 445 (1939):

"It is a word of comprehensive meaning. Holbrook v. Brown, 2 Mass. 280, 282; Raymer v. Tax Commissioner, 239 Mass. 410, 413, 132 N.E. 190. In its ordinary legal signification it 'extends to every species of valuable right and interest, and includes real and personal property ***'."

The court then stated that it was true that in the early decisions of the courts of this country, including the decisions of the courts of this State, it had been held that policies of life insurance were not property, but that the history of Article 4619, as amended, clearly showed that the Legislature intended to give the term "community property" a broader meaning than it was originally given.

"The word 'property' in our bankruptcy laws is construed to include the 'cash surrender value' of life insurance policies, and such property rights pass to the creditors of the insured. The courts recognize the right of the insured to pay his creditors the 'cash surrender value' of his policy and retain the policy. (Citation of authorities omitted.) The courts of this State have held that the 'cash surrender value' of a policy is property, and may be considered and treated as community property."

The court also pointed out that it had been held that the proceeds of a life insurance policy, taken out by the husband and payable to the estate of the decedent, the premiums of which were paid for with community property belonging to the community estate, are one-half the property of the wife, and that said part is no part of the estate of the husband.

The judgments of the trial court and of the Court of Civil Appeals were affirmed, and the Whiteselle case, supra, and any other case holding contrary to the ruling of the court were expressly overruled.

In view of this express holding of the Supreme Court we deem it unnecessary to discuss various Court of Civil Appeals' opinions which hold, under similar facts, that the cash surrender value of such insurance policies is community property. See Locke v. Locke, 143 S.W.2d 637 (Tex. Civ. App. 1940); Russell v. Russell, 79 S.W.2d 639 (Tex. Civ. App. 1934, error dism.); Berdoll v. Berdoll, 145 S.W.2d 227 (Tex. Civ. App. 1940, error dism.).

Since the cash surrender value of policies of the type here involved is held to be community property, the value of which is divided or accounted for in dividing the community estate when marriage is terminated by divorce, Womack v. Womack, supra, it is likewise community property at the time marriage is terminated by death, and the share of the deceased spouse must therefore constitute a part of his or her estate.

It follows that the value of this share should be included in determining the value of the deceased spouse's estate for inheritance tax purposes, and you are accordingly so advised.

## SUMMARY

Where community funds were used to pay all premiums on certain insurance policies on life of surviving spouse, deceased spouse being beneficiary of all said policies in which insured retained right to change beneficiaries at will, one-half of the cash surrender value of the policies at the date of deceased spouse's death should be included in determining the value of deceased spouse's estate for inheritance tax purposes. Cf. Womack v. Womack, 141 Tex. 299, 172 S.W.2d 307 (1943).

Yours very truly

APPROVED

ATTORNEY GENERAL OF TEXAS

ATTORNEY GENERAL

By Mrs. Marietta McGregor Creel
Assistant

MMC/mwb