**B. D. THOMPSON, Executor, etc.,
Appellant,**

v.

**Robert S. CALVERT, Comptroller of Public Accounts, et al., Appellees.**

**No. 10471.**

Court of Civil Appeals of Texas.

Austin.

April 3, 1957.

Rehearing Denied May 1, 1957.

**497**

Jas. L. Abney, Houston, for appellant.

John Ben Shepperd, Atty. Gen., W. V. Geppert, Marietta McGregor Payne, Asst. Attys. Gen., for appellees.

ARCHER, Chief Justice.

This is an appeal by B. D. Thompson, executor of the estate of his deceased wife, Elizabeth J. Thompson, from a judgment rendered in the County Court at Law of Travis County, Texas, denying the appellant any recovery for an assessment of inheritance taxes claimed to be erroneous and excessive. The action was brought under the provisions of Article 7057b of Vernon's Civil Statutes of Texas, and the parties filed a Stipulation of Facts which

appears in the transcript. The appellant claimed the determination of the tax to be illegal and excessive in the amount of $302.-77 by reason of the inclusion in the Estate of Elizabeth J. Thompson, deceased, of one half of the cash surrender values, aggregating $15,138.33, of three insurance policies on the life of B. D. Thompson, surviving husband. The deceased, Elizabeth J. Thompson, was the beneficiary in each policy and each policy provided that on her death, the two children of the marriage became the beneficiaries. The premiums were paid out of community funds and B. D. Thompson had the right at all times to change the beneficiary in each policy.

The appeal is before this Court on one point assigned as error:

"The inclusion of one-half of the cash surrender value of insurance policies on the life of B. D. Thompson, in the taxable Estate of Elizabeth J. Thompson, deceased, was wrongful for the reason that inheritance taxes, such as are levied by the statutes of Texas, are privilege taxes and not property taxes. Since the tax is upon the right of succession and not upon the property, the lower Court erred in denying recovery to Plaintiff (Appellant) for the amount sued for."

As is noted the appellant takes the position that inheritance taxes constitute a tax upon the right of succession and not upon property.

The appellee contends that one half of the cash surrender value of certain insurance policies on the life of the surviving husband constituted property to the extent thereof of the estate of the deceased wife and was taxable in arriving at the gross estate of the deceased wife's estate; that all of the premiums on the policies had been paid for out of community funds.

The deceased was the named beneficiary of each policy; and the insured, the surviving husband, under the terms of each policy, had the right to change the beneficiaries thereof.

It was stipulated that for a period of at least fourteen years the consistent departmental construction by the official charged with the duty of administering the Inheritance Tax Act and collecting taxes due thereunder, has been that where community funds are used to pay all premiums on insurance policies on the life of a surviving spouse, the deceased being beneficiary in all of said policies in which the insured retained the right to change the beneficiary at will, one half of the cash surrender value of the policies at the date of the deceased wife should be included in determining the value of the deceased's estate for inheritance tax purposes. There was a further stipulation that in 1949 in opinion No. V-914, the Attorney General rendered a ruling in accord with the departmental construction.

■ It is a well established rule that the Texas Inheritance Tax is a privilege tax and not a property tax and that the tax is on the right of succession and not upon the property.

■ We believe that the cash surrender value of the insurance policies in this case was community property.

In Womack v. Womack, 141 Tex. 299, 172 S.W.2d 307, in a divorce case the Supreme Court held that the cash surrender value of certain policies was community property. In this case there is a determination of what constitutes community property under Article 4619, V.A.C.S., and the meaning of the word property.

In other cases, primarily concerned with community property rights in the *proceeds* of life insurance policies as distinguished from community rights in the *cash surrender value* of such policies such as Volunteer State Life Ins. Co. v. Hardin, 145 Tex. 245, 197 S.W.2d 105, 107, the Court stated:

"It follows that neither Mrs. Hardin nor the community estate acquired any vested interest in the proceeds of these policies, as distinguished from their cash surrender value, * * *

"Whatever right, if any, Hal White Hardin had to share in the cash surrender value of these policies existed only against his father upon a partition of the community estate. The right to demand the cash surrender value of the policies lapsed by the terms of the contract upon the death of the insured. San Jacinto Building, Inc., v. Brown, Tex.Civ.App., 79 S.W.2d 164, par. 4, writ refused. It did not pass into the hands of the beneficiaries named in the policies, and consequently Hal White Hardin is not entitled to recover a part of the proceeds of the policies on the theory that property belonging to him has passed into the hands of the beneficiaries."

■ Since we have concluded that the cash surrender value of the insurance policies in question was community property at the time of the decedent's death, consequently one half of such surrender value passed under the will of decedent to her husband, appellant herein, subject to tax. Article 7117, V.A.C.S.; California Trust Company v. Riddell, D.C.S.D.Cal.1956, 136 F.Supp. 7.

■ Courts give great weight to the departmental construction of the statute by the administrative officer unless clearly wrong and we do not believe that the construction by the administrative officer is clearly wrong. 39 Tex.Jur. 235, Statutes, Sec. 126; Isbell v. Gulf Union Oil Co., 147 Tex. 6, 209 S.W.2d 762.

We also give appropriate consideration and weight to the opinion of the Attorney General. Gaynor Const. Co. v. Board of Trustees, Ector County Ind. Sch. Dist., Tex. Civ.App., 233 S.W.2d 472, er.ref.; 11 Tex. Jur. 840.

The judgment of the Trial Court is affirmed.

Affirmed.