THE ATTORNEY GENERAL
OF TEXAS
ATTORNEY GENERAL



June 6, 1958

Honorable Robert S. Calvert      Opinion No. WW-446
Comptroller of Public Accounts
Capitol Station      Re: Proper distribution for
Austin, Texas          inheritance tax pur-
         poses of the deceased's
         spouse's community 1/2
         of the cash surrender
         value of certain insur-
         ance policies on the
Dear Mr. Calvert:      surviving spouse's life.

In connection with your request for an opinion of this office on the above captioned matter, you have advised us of the following facts.

By her last will and testament, the decedent, after disposing of certain specific property, devised all the residue of her estate to her two stepsons and her daughter in equal shares, with a trust proviso in connection with the daughter's share, the provisions of which are not material here. At the date of the decedent's death, four life insurance policies taken out on the life of her surviving husband and naming the decedent as beneficiary had a cash surrender value of $17,357.00. All premiums had been paid with community funds. You ask that we advise whether 1/2 of the cash surrender value of these policies should be distributed for inheritance tax purposes under the last will and testament of the decedent or whether the decedent's 1/2 interest passed to the husband.

In Thompson v. Calvert, 301 S.W. 2d 496 (Tex. Civ. App., 1957), the court was concerned with the following facts. At the time of the death of the decedent, her surviving spouse had three insurance policies on his life. All premiums had been paid with community funds. The decedent was the named beneficiary of each policy, and each policy provided that on her death the two children of the marriage became the beneficiaries. The insured, the surviving husband, under the terms of each policy had the right to change the beneficiary thereof. Inheritance taxes were assessed and included 1/2 of the cash surrender values of the three insurance policies, which had a total cash surrender value of $15,138.33.

The court pointed out that the cash surrender value of the insurance policies involved was community property, citing Womack v. Womack, 141 Tex. 299, 172 S.W. 2d 307 (1943). At page 498, the court said:

"(3) Since we have concluded that the cash surrender value of the insurance policies in question was community property at the time of the decedent's death, consequently one half of such surrender value passed under the will of decedent to her husband, appellant herein, subject to tax. Article 7117, V.A.C.S.; California Trust Company v. Riddle, D.C.S.D. Cal. 1956, 136 F. Supp.7."

You are therefore advised that for inheritance tax purposes the decedent's community interest amounting to 1/2 of the cash surrender value of the insurance policies on the life of the surviving husband passed at her death under the residuary clause of her will to the surviving stepsons and daughter. You are therefore advised that the inheritance taxes should be computed accordingly.

## SUMMARY

Where decedent willed the residue of her estate to three named beneficiaries, for inheritance tax purposes the decedent's 1/2 community interest in the cash surrender value of certain insurance policies on the surviving spouse's life passed to said beneficiaries, and inheritance taxes should be computed accordingly.

Very truly yours,

WILL WILSON
Attorney General of Texas

By Marietta McGregor Payne
Marietta McGregor Payne
Assistant

MMP:db

APPROVED:

OPINION COMMITTEE

Geo. P. Blackburn, Chairman

L. P. Lollar
Howard Mays
Wayland C. Rivers, Jr.

REVIEWED FOR THE ATTORNEY GENERAL

By:  W. V. Geppert