

# THE ATTORNEY GENERAL
## OF TEXAS

**CRAWFORD C. MARTIN**
**ATTORNEY GENERAL**

AUSTIN, TEXAS 78711

December 5, 1969

Dr. John Kinross-Wright
Commissioner,
Texas Department of Mental
Health and Mental Retardation
Box S, Capitol Station
Austin, Texas 78711

Opinion No. M- 533

Re: Whether Article 46.02,
Section 2(f), Vernon's
Code of Criminal Pro-
cedure, authorizes a
district court, with-
out the consent of the
head of a mental hos-
pital, to order a
defendant admitted to
a mental hospital for
the purpose of exami-
nation, as set out in
the statute, and re-
lated question.

Dear Dr. Kinross-Wright:

You have requested the opinion of this office on the following questions:

> "1. Does Article 46.02, Section 2(f), Vernon's Code of Criminal Procedure, authorize a district court, without the consent or concurrence of the head of the mental hospital, to order a defendant admitted to a mental hospital for the purposes therein described?
>
> "2. In the event a criminal defendant is admitted to a mental hospital of this State upon order of a district court, with or without the consent or concurrence of the head of the mental hospital, is the county of indictment liable to pay expenses incurred by the mental hospital in examing, housing and feeding the defendant during the course of such examination?"

The statute in question reads as follows:

"(f)  Evidence.  (1)  The court may,
at its discretion appoint disinterested
qualified experts to examine the defen-
dant with regard to his present compet-
ency to stand trial and as to his sanity,
and to testify thereto at any trial or
hearing in connection to the accusation
against the accused.

"(2)  Such appointed experts shall be
paid out of the General Fund of the county
where the indictment was found or infor-
mation was filed.

"(3)  If the defendant is free on bail,
the court in its discretion may commit him
to custody pending such examination.

"(4)  No statement made by the defen-
dant during examination into his compet-
ency shall be admitted in evidence against
the accused on the issue of guilt in any
criminal proceeding no matter under what
circumstances such examination takes place.

"(5)  Any party may introduce other com-
petent testimony regarding the defendant's
competency."

Article 46.02 does not expressly provide that an
accused can be sent to a state mental hospital for ex-
amination and does not indicate whether a court order
directing that an accused be examined at a state hos-
pital would be mandatory upon the institution.  The
statute provides in Section 2(f) (1) for the appointment
of qualified experts to examine an accused to determine
the accused's sanity and competency to stand trial.
Section 2(f) (3) provides that the court may commit a
defendant to custody pending a sanity examination, but
this provision does not expressly refer to custody in
state hospitals.  Should a mental hospital be used for
the examination of a criminally accused, Section 2(f)
(3) would empower a court to order the accused to remain
in custody at the hospital instead of jail, although the
examination could be made in jail.

The procedure for commitment of a person accused of
crime to a state mental hospital is established by Arti-

cles 46.01 and 46.02, Vernon's Code of Criminal Procedure. For mental illness arising after conviction, a prisoner can be transferred from the state prison system or the county jail to a state hospital under the authority of Article 46.01, although the transfer can be made only when the head of the hospital concurs. When insanity is raised as a defense, a defendant can be committed under Article 46.02 to a mental institution upon a jury finding that he is insane. The state hospitals must accept patients committed in this manner. The provisions for commitment in civil proceedings under Article 5547-1, et seq, Vernon's Civil Statutes, do not apply to persons accused of crimes. No authority other than Article 46.02, Section 2(f) (1), exists for the courts to appoint medical experts to examine a criminally accused prior to trial. Before this provision was enacted, this office held that a sheriff or county attorney had no authority to demand and receive an examination at a state hospital of a person accused of a felony. Texas Attorney General's Opinion No. 0-3691 (1941).

The state mental hospitals have limited facilities and personnel; and numerous commitments under Section 2(f) might cause interference with the normal treatment of persons committed to the hospitals under other provisions of Articles 46.01 and 46.02, Vernon's Code of Criminal Procedure, and the Texas Mental Health Code, Article 5547-1, et seq, Vernon's Civil Statutes. To assume that the legislature intended to create a situation which would impair the efficiency of state hospitals is unreasonable. Also the Texas Department of Mental Health and Mental Retardation has interpreted the statute to mean that the state mental hospitals are not compelled to receive patients under the procedure outlines in Section 2(f). The courts will give considerable weight to departmental construction unless clearly wrong. Thompson v. Calvert, 301 S.W.2d 496 (Tex.Civ.App., Austin, 1957, no writ); 53 Tex.Jur.2d 259, Statutes, Section 177. This office is of the opinion that the provisions of Article 46.02, Section 2(f), do not authorize a district or county court to order a criminal defendant admitted to a state mental hospital for examination without the consent of the head of the mental hospital.

This opinion is concerned only with the question of whether a state mental hospital can be ordered, without the consent of the head of the hospital, to admit a criminal defendant for examination; it is not concerned with the question of whether a court can order a particular medical expert to examine the defendant.

The expert witnesses appointed by the court are to be compensated by the county as authorized by Section 2(f) (2). A medical expert who is required to make an examination in preparation for testifying later at a trial is entitled to compensation. Summers v. State, 5 Tex.Crim. Rep. 365, 378 (1879); 61 Tex.Jur.2d 577, Witnesses, Section 39.

This office has heretofore concluded that the county has the primary responsibility for payment of expenses to be incurred in the medical care, psychiatirc examination, and treatment of an indigent prisoner where it determines that such care, examination and treatment are necessary to protect and preserve the health and well-being of the prisoner. However, the further opinion was expressed that this responsibility did not include medical or psychiatric examination merely to determine the sanity or insanity of a prisoner whereby the prisoner would have available evidence to be used as a defensive issue in regard to the crime for which he is charged. Attorney General Opinion No. WW-1509 (1962).

Since that time, the Legislature, in Section 2(f) (2) of Article 46.02 has expressly authorized the liability to be assumed by the county for appointed medical or psychiatric experts to examine the defendant as to his sanity or insanity to stand trial and testify where "indictment was found or information was filed." Section 2(f) (3) of Article 46.02 also provides that if the defendant is free on bail, the court in its discretion may commit him to custody pending such examination.

Consequently, there being no statutory authority for imposing the liability upon the state mental hospital or agency, it follows that the hospital is entitled to be reimbursed by the county for the medical care and examination. See Article 1037, Vernon's Code of Criminal Procedure, imposing upon the county liability "for all expense incurred on account of the safekeeping of prisoners," whether kept in jail or kept under guard.

It is our opinion that when a state mental hospital accepts a defendant for examination under Section 2(f), the hospital is entitled to reimbursement by the county for such expenses incurred as are reasonably necessary and incidental to the proper examination of the individual. It is common knowledge that it is often necessary in some individual cases for the psychological examination to require obser-

vation by the expert overnight and for some extended period of time. We thus conclude that when the defendant is committed to custody for examination under court order, the reasonable expense of examining, housing and feeding of a defendant, along with such other expense incurred by the court-appointed expert as a necessary and incidental part of the examination are such expenses that come within the contemplation of Article 46.02, Section 2(f) and should be paid by the county.

### S U M M A R Y

Article 46.02, Section 2(f) (1), Vernon's Code of Criminal Procedure, does not authorize a court to commit a criminally accused to a state mental hospital for examination without the consent of the head of the hospital.

The state hospitals are entitled to payment by the county under Article 46.02, Section 2 (f) (2) for the expenses of examining and the housing and feeding of a defendant, prescribed by a court-appointed expert, where reasonably necessary and incidental to the proper examination of the individual.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Roland Daniel Green, III
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
George Kelton, Vice-Chairman

Alfred Walker
Arthur Sandlin
Ralph Rash
Robert Owen

MEADE F. GRIFFIN
Staff Legal Assistant

NOLA WHITE
First Assistant