

# The Attorney General of Texas

September 11, 1980

MARK WHITE
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Hamp Atkinson, Chairman
Committee on Public Education
House of Representatives
Austin, Texas

Opinion No. MW-239

Re: Length of school term as the term is used in section 21.301, Education Code

Dear Chairman Atkinson:

You have requested our opinion regarding the meaning of "current term" as used in section 21.301(a) of the Education Code. That statute provides:

> The board of trustees of any school district may suspend from the privileges of the schools any pupil found guilty of incorrigible conduct, but such suspension shall not extend beyond the current term of the school.

The State Board of Education has defined "school term" for accounting purposes as:

> that period of time a school district is scheduled to be in operation including inservice training and classroom instruction. The period begins with the first day of scheduled inservice training as indicated in the school calendar and ends with the beginning of the subsequent school term.

On August 7, 1978, the Commissioner of Education rendered a decision which supports the application of the State Board's definition to section 21.301(a). In that case, Abbey v. Hardin-Jefferson Independent School Dist., Docket No. 77-R124, State Commissioner of Education, August 7, 1978, a student had been suspended in October, 1977, for the remainder of the school year. The student contended, inter alia, that such a suspension contravened the Education Code. The Commissioner, while holding that the particular suspension was improper, nevertheless stated:

> The ordinary and usual interpretation by this agency of the word "term", in section 21.301, Texas Eucation Code, is school year. The word "term" does not refer to either a semester or a quarter in that context. Id at 4.

Accordingly, the Commissioner held that, under section 21.301, a school district was entitled to suspend a student "for the remainder of the school year." Id at 4.

It is well established that an administrative construction of an ambiguous statute should be followed unless it is clearly unreasonable. Calvert v. Kadane, 427 S.W. 2d 605 (Tex. 1968); Thompson v. Calvert, 301 S.W. 2d 496 (Tex. Civ. App. - Austin 1957, no writ). Although the 66th Legislature, which convened five months subsequent to the Commissioner's decision in Abbey, extensively amended section 21.301, it did not alter the Commissioner's construction of "current term." As a result, we must conclude that, for purposes of section 21.301(a) of the Education Code, "current term" means the period beginning with the first day of scheduled inservice training and ending with the first day of scheduled inservice training the following year.

## S U M M A R Y

For purposes of section 21.301(a) of the Education Code, "current term" means the period beginning with the first day of scheduled inservice training and ending with the first day of scheduled inservice training the following year.

Very truly yours,

**M A R K   W H I T E**
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

Prepared by Rick Gilpin
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

C. Robert Heath, Chairman
Jon Bible
Susan Garrison
Rick Gilpin
Iris Jones
Bruce Youngblood