# DECEMBER, 1953

L. B. SHERMAN, ADMINISTRATOR OF THE ESTATE OF
EDNA I. ROE V. RAYMOND ROE,
ADMINISTRATOR OF THE ESTATE OF JAMES ROE

No. A-4199. Decided November 18, 1953.
Rehearing overruled December 16, 1953.
(262 S. W. 2d Series 393)

*George M. Kelton,* of Odessa, for petitioner.

The Court of Civil Appeals erred in holding that the proceeds of the insurance policy, deposited in the registry of the trial court, were not community funds and should be distributed one-half to the administrator of each estate. Also in holding that the only question to be determined was whether the administrator of the husband or the administrator for the wife was entitled to administer the entire fund. Hildebrant v. Ames, 66 S. W. 128; Martin v. McAllister, 94 Texas 567, 63 S.W. 624; Womack v. Womack, 141 Texas 299; 172 S.W. 2d 307; Blackmon v. Henson, 140 Texas 536, 169 S.W. 2d 962.

*Mike R.Mason* and *Williams R. Barnes,* both of Odessa, for respondent.

MR. JUSTICE SMEDLEY delivered the opinion of the Court.

The controversy in this cause is over the right to the proceeds of a certificate of life insurance under a group policy. The insured, James Roe, and the beneficiary, who was his wife, Edna I. Roe, were killed in a common disaster, and it is unknown to the parties hereto whether Roe and his wife died at the same moment or whether one survived the other. They were killed on June 4, 1951, at which time the Simultaneous Death Act, Chapter

196, Acts Regular Session, 52nd Legislature, 1951, Article 2583a, Vernon's Annotated Civil Statues, had not become effective.

This case was instituted by bill of interpleader filed by the insurer, John Hancock Mutual Life Insurance Company, which paid into the registry of the court $9,000, the amount due under the certificate of insurance, and prayed that petitioner L. B. Sherman, administrator of the estate of Edna I. Roe, and respondent Raymond Roe, administrator of the estate of James Roe, be cited to answer and set up their respective claims. The case was tried on the answers and claims of the administrators of the two estates, and judgment was rendered by the court allowing $300.00 as attorney's fees to the insurer, to be paid out of the deposited fund, and adjudging that Raymond Roe, administrator of the estate of James Roe, recover $8,700, the balance of the sum on deposit. The Court of Civil Appeals affirmed the trial court's judgment. 258 S.W. 2d 862.

The insured, James Roe, was an employee of Shaffer Tool Works, to which John Hancock Mutual Life Insurance Company had issued a group accidental death policy. Under that policy a certificate of insurance was issued to James Roe on July 12, 1940, insuring his life for $2,000 in the event of accidental death. The certificate named Wanda Roe, then James Roe's wife, as benficiary, but reserved the right to the insured to change the beneficiary. Edna I. Roe became the wife of James Roe on December 17, 1946. She was designated as beneficiary under the terms of the certificate on September 29, 1947. The amount payable under the certificate was changed to $9,000 on March 1, 1950. The premium contributions paid by James Roe from the date of the issuance of the certificate to December 17, 1946, the date of his marriage to Edna I. Roe, amounted to $42.15, and the premium contributions thereafter paid by him amounted to $50.10. While the group policy and the certificate were in effect James Roe and his wife, Edna Roe, were killed as above stated in a common disaster, an airplane accident.

The certificate provides that: "Indemnity for loss of life of the Employee is payable to the beneficiary if surviving the Employee, and otherwise to the estate of the Employee." The group policy contains substantially the same provision.

The Court of Civil Appeals in its first opinion held that because plaintiff in error, the administrator of the estate of Edna I. Roe, failed to prove that the wife survived the husband the estate of the husband was the beneficiary and the proceeds of

the certificate of insurance should be paid to the administrator of the husband's estate, and in so holding affirmed the judgment of the district court which adjudged to that administrator the funds which had been deposited in the court. In writing on motion for rehearing, and although it overruled the motion and left the affirmance of the trial court's judgment standing, the Court of Civil Appeals stated that it was not deemed within its jurisdiction "to determine when, if ever, or where, the heirs of Edna I. Roe have a right to assert that the proceeds of this policy were community property."

Both parties express dissatisfaction with the last opinion of the Court of Civil Appeals because it seems to leave open to further litigation the question as to the ownership of or right to the proceeds of the certificate of insurance, and they insist that the question should be determined in this cause. We think that position is well taken. We understand the judgment of the district court to have disposed of the question of ownership of or right to the proceeds as between the two claimants, and in our opinion that question was within the pleadings of the parties. Petitioner, the administrator of the estate of Edna I. Roe, presented two points in his brief in the Court of Civil Appeals, the first that the trial court erred in not ordering all of the $8,700 to be paid to him, and the second that the trial court erred in not awarding one-half of the proceeds of the certificate of insurance to him and the other one-half of the proceeds to Raymond Roe, administrator of the estate of James Roe.

The Court of Civil Appeals, in rejecting petitioner's claim to all of the proceeds, held that since the certificate of insurance is payable to the wife "if surviving the Employee, and otherwise to the estate of the Employee" it was necessary under the very terms of the certificate for the administrator of the wife's estate to prove that the wife did survive the insured, and that when he failed to meet that burden (as of course he must fail in this case) "the alternate provision came into effect and the named beneficiary was the estate of the husband," and his administrator was entitled to the proceeds. Hildebrandt v. Ames, 27 Texas Civ. App., 377, 66 S.W. 128, application for writ of error refused, is cited by the Court of Civil Appeals to support its decision, and that case does lend support.

The opinion in Hildebrandt v. Ames shows that each of the two parties, the administrator of the estate of the wife and the administrator of the estate of the husband, was claiming the entire proceeds of the policy. It does not appear that any claim

was asserted that the proceeds should be treated as community property, and the opinion contains no intimation that such a claim could or could not be successfully asserted. The decision turns wholly on the burden of proof, the final ruling being that because the administrator of the estate of the wife failed to make proof that the wife survived the husband the proceeds of the policy reverted to the estate of the husband.

■ So in the case before us it has been held by the Court of Civil Appeals that the administrator of the wife's estate cannot recover the entire proceeds of the policy in the wife's right as beneficiary because he has not established the fact that she survived her husband, that is, that her right to the proceeds rested upon a contingency, her survival, and under that ruling all proceeds are awarded to the representative of the husband. It would not be an unreasonable construction of the terms of the certificate of insurance to hold that the right of the administrator of the husband's estate to recover the proceeds under the terms of the policy also rests upon a contingency. The certificate provides that indemnity for loss of life is payable to the beneficiary, the wife, "if surviving the Employee, and otherwise to the estate of the Employee." The "and otherwise" seems to mean that the indemnity is payable to the estate of the husband if he survives the wife, or if death is simultaneous. Here it is impossible to prove that the husband died first or that the wife died first, or that death was simultaneous. Under the decisions there is no presumption either of survivorship or of simultaneous death. Paden v. Briscoe, 81 Texas 563, 17 S.W. 42; 25 C.J.S., pp. 1069-1071, Sec. 11; 16 Am. Jur., pp. 33-34, Secs. 40-41.

A decision disposing of the case for failure to meet a burden of proof that cannot possibly be met is, to say the least, unsatisfactory. And so we reach the question on which the decision of this controversy must finally turn, that is, whether the proceeds of the certificate of insurance payable on the death of the insured and now on deposit in court should be held to be community property and awarded one-half to each of the administrators.

If the administrator of the wife's estate is entitled to one-half of the proceeds of the certificate of insurance, it is not because of any vested interest of the wife prior to her husband's death. It was held in Volunteer State Life Insurance Company v. Hardin, 145 Texas 245, 197 S.W. 2d 105, 168 A.L.R. 337, that the wife, the beneficiary in a policy insuring her husband, with the right reserved to the husband to change the beneficiary, has prior to the death of the insured no vested interest in the policy or in

the proceeds of it, even though the policy is taken out during marriage and all premiums are paid out of community funds, and that the insured may at will change the beneficiary and thereby divest a prior beneficiary of all interest in the proceeds of the policy. This means that such a policy prior to the insured's death is not property in which the wife owns an interest. See also Howard v. Howard, 158 S.W. 2d 591, application for writ of error refused.

The opinion in Volunteer State Life Insurance Company v. Hardin, citing Womack v. Womack, 141 Texas 299, 172 S.W. 2d 307, further shows that under certain circumstances the wife may share in the cash surrender value of such a policy of insurance. We need not enter into a discussion of that right and the limitations on it, as we are not here concerned with cash surrender value. We are concerned with the proceeds of an insurance policy after the death of the insured.

Petitioner cites Womack v. Womack, 141 Texas 299, 172 S.W. 2d.307, to support his statement that insurance is now considered property by our courts. In that case the only question decided was that the cash surrender value of policies on the life of the husband obtained after marriage, and on which all premiums had been paid out of community funds, was community property to be taken into consideration in the division of property between the husband and wife on divorce. The cash surrender value was the amount of accumulation by reason of the annual premiums paid between the issuance of the policy and the dissolution of the marriage by divorce, and thus was an asset acquired during marriage. The observation in the opinion in Womack v. Womack that many of the modern decisions hold that a life insurance policy is property was not necessary to the decision of the question before the court, and, if intended to mean that such a policy is property in which the wife owns a vested interest before the death of the insured, it is contrary to the later decision of the court in Volunteer State Life Insurance Company v. Hardin, 145 Texas 245, 197 S.W. 2d 105, 168 A.L.R. 337.

Nor does Blackmon v. Hansen, 140 Texas 536, 169 S.W. 2d 962, to be discussed later, hold that a policy of insurance, with the right reserved to the insured to change the beneficiary, is before the death of the insured property in which the beneficiary owns an interest. Petitioner's claim to one-half of the proceeds of the certificate of insurance herein cannot be sustained on the

theory that the certificate was community property and consequently the proceeds must be community property.

■ We return to the ultimate question: Should the proceeds of the certificate of insurance now on deposit in court be held to be community property? The agreed statement of facts does not expressly state that the payments made as premiums by James Roe after his marriage to Edna I. Roe were made from community funds. It is stated merely that from the date of the issuance of the certificate to December 17, 1946, when James Roe and Edna I. Roe were married, James Roe made premium contributions to the amount of $42.15, and that after December 17, 1946, to the time of his death he made premium contributions in the amount of $50.10. It is further shown by the agreed statement that James Roe at the time the certificate of insurance was issued to him was an employee of Shaffer Tool Works, to which the group policy had been issued, and that he continued to be its employee until his death; that the certificate when first issued was for $2,000; that on September 29, 1947, Edna I. Roe was designated as beneficiary under the certificate and remained so designated until she and her husband were killed on June 4, 1951; and that the amount payable under the certificate was changed on March 1, 1950, from $2,000 to $9,000.

In our opinion it should be presumed that the payment of premiums by James Roe after his marriage to Edna I. Roe were made from community funds. State v. Jones, 290 S.W. 244, 250, reversed on other grounds (Com. App.) 5 S.W. 2d 973; Martin v. Moran, 11 Texas Civ. App. 509, 32 S.W. 904, 906. Further, the insurance was maintained by these payments and by his continuing to work as employee of the company insured by the group policy. The greater part of the insurance was procured after James Roe and Edna I. Roe were married. Whatever rights to the proceeds of the insurance might accrue to him as his separate property on account of his having procured the insurance for $2,000 before his marriage to Edna I. Roe or by his payments of premiums before his marriage to her in our opinion passed to the community when, after his marriage to Edna I. Roe, he paid the premiums out of community funds, made her the beneficiary, and increased the amount of the insurance to $9,000. Under this state of facts the ownership of the proceeds of the certificate is to be determined in the same way as if the certificate had been issued after James Roe and Edna I. Roe were married and all premiums paid out of community funds.

■ Article 4619, Revised Civil Statutes of 1925, and as amended

by Chapter 148, Acts Regular Session, 40th Legislature, p. 219 (1927) after defining community property, provides that "All the effects which the husband and wife possess at the time the marriage may be dissolved shall be regarded as common effects or gains, unless the contrary be satisfactorily proved."

The proceeds of the certificate of insurance were promptly paid by the insurer into the registry of the court, and they are there held for the husband's estate or for the wife's estate or for the estates of both. We believe that since the facts as to survivorship cannot be proved, the proceeds thus held should, by reason of the statute quoted, be deemed community effects. This statute was primarily the basis for the decision in Lee v. Lee, 112 Texas 392, 247 S.W. 828, that death benefits payable under a plan set up by an employer for its employees were community property of the employee and his putative wife.

The court had for decision in Blackmon v. Hansen, 140 Texas 536, 169 S.W. 2d 962, the question whether all or only one-half of the proceeds of policies insuring the life of the husband, payable to his wife as beneficiary, were taxable under the Texas Inheritance Tax Statute. The policies had been obtained during the marriage and all premiums had been paid out of community funds. The statute then in effect included as taxable property "the proceeds of life insurance to the extent of the amount receivable by the executor or administrator as insurance under policies taken out by the decedent upon his own life, and to the extent of the excess over Forty Thousand Dollars ($40,000) of the amount receivable by all other beneficiaries as insurance under policies taken out by the decedent upon his own life." Revenue Act 1926, 8302(g), 26 U.S.C.A.P. 231. It was held that only one-half of the proceeds collected under the policies on the life of the husband, less the $40,000 allowed as an exemption, was subject to the tax as a part of the husband's estate. Immediately before announcing that decision, the opinion contains the following:

"The courts of this State have held that proceeds of a life insurance policy, taken out by the husband and payable to the estate of the decedent, the premium of which were paid for with community property belonging to the community estate, are one-half the property of the wife, and that said part is no part of the estate of the husband. Martin v. Moran, 11 Texas Civ. App. 509, 32 S.W. 904; Lee v. Lee, 112 Texas 392, 247 S.W. 828; State v. Jones, 290 S.W. 244; reversed on other grounds, Jones

v. State, 5 S.W. 2d 973." 140 Texas 536, 541, 169 S.W. 2d 962, 965.

The three cases cited in the foregoing quotation from Blackmon v. Hansen support the rule there stated, and it is the rule in the other community property states. An instructive article in the Texas Law Review by Professor W. O. Huie entitled "Community Laws as Applied to Life Insurance" contains this statement, well supported by citations from the community property states:

"All of the decided cases in community property jurisdictions agree that if the husband takes out during the marriage a policy on his own life payable at his death to his estate, or to his executors, administrators, or assigns, and pays the premiums with community funds, when the marriage is dissolved by the death of the husband, the proceeds received by the husband's legal representative belong to the community." 17 Texas Law Review, p. 121.

See also Note 114 A.L.R. pp. 545-562; Note 168 A.L.R. pp. 342-352.

The opinion of the Court of Civil Appeals in this cause, after quoting the provision of the certificate of insurance that the indemnity is payable to the wife if surviving the employee, and otherwise to the estate of the employee, expresses the conclusion that according to the terms of the certificate, unless the administrator of the wife's estate proved that the wife survived the husband, "the alternative provision came into effect and the named beneficiary was the estate of the husband." If this view is accepted and the provision for payment to the wife is disregarded because it is impossible to prove that she survived the husband, we may regard the policy as one payable to the estate of the husband. If it is so regarded, then under the rule above quoted the proceeds of the policy are community property.

This conclusion is consistent with Lee v. Lee, 112 Texas 392, 247 S.W. 828. In that case the employer had provided a plan for the payment of death benefits for its employees. The plan directed that employees should immediately file with the company written designations of the beneficiary or beneficiaries, and provided that "if an employee files no such designation, death benefits shall be payable according to the laws of Texas then in force applicable to the estates of deceased persons." The employee, Joseph Lee, failed to designate a beneficiary. The con-

trolling question in the case was "whether the death benefit payable to Joseph H. Lee under the plan * * * is to be considered community property, * * * or was it the separate estate of Joseph H. Lee." The court held that the death benefit under the plan was community property and that Mary Lee, the putative wife of Joseph H. Lee, was entitled in her own right to one-half of it. After quoting the provision of the plan that if the employee failed to designate a beneficiary the benefits were payable according to the laws of Texas applicable to the estates of deceased persons, the court said that as it construed the language, "Lee having failed to designate any beneficiary, the benefits became vested in his estate, subject to the laws applicable to that estate. And this 'estate' must be construed to be the general or community estate of which he is head and master, and not his separate estate." While the decision was not finally based on those conclusions, they are supported by the citation of two Louisiana cases and Martin v. Moran, 11 Texas Civ. App. 509, 32 S.W. 904, which announced the rule quoted above from Blackmon v. Hansen, 140 Texas 536, 169 S.W. 2d 962, that the proceeds of an insurance policy, when the same are payable to the estate of the insured, upon his death are a part of the community estate. The decision in Lee v. Lee is finally based upon an interpretation of our statutes defining separate property and community property, among them being the provision to which reference has been made that all effects which the husband and wife possess at the time the marriage may be dissolved shall be regarded as community effects or gains unless the contrary be satisfactorily proved.

In Martin v. Moran, 11 Texas Civ. App. 509, 32 S.W. 904, policies insuring the life of the husband taken out during the marriage, were payable "as directed by will." The husband left a will naming as beneficiaries in the policies his own executors as such. It was held that the proceeds of the policies were community property of the husband and wife and not the separate property of the husband. The court in so holding said:

"We think this (the naming of his own executors as beneficiaries) evidences an intention to make the proceeds of these policies a part of his estate, the same as the other property disposed of by him; in other words, the practical effect was to make them payable to his estate. It is to be presumed, in the absence of evidence, that full value was paid out of the community property to the insurance company for the policies; and, if so, we would be loath to hold that the husband has the power thus to enlarge his separate estate at the expense of his wife. The hus-

band can give his interest in the community property to another, but he cannot give his wife's interest to himself."

Applying the language quoted to the instant case, we should be loath to hold that the husband, by naming his estate as alternate beneficiary in the certificate of insurance, should be permitted thus to enlarge his estate at the expense of the community when it is impossible to prove either survival of one or the other or simultaneous death. The effect of awarding all of the proceeds to the separate estate of the husband would be to hold that he can give his wife's interest to himself. Martin v. Moran has been cited with approval in Lee v. Lee, 112 Texas 392, 400, 247 S.W. 828, and in Blackmon v. Hansen, 140 Texas 536, 541, 169 S.W. 2d 962.

We do not have in the case before us a question, as was that in Volunteer State Life Insurance Company v. Hardin, 145 Texas 245, 197 S.W. 2d 105, 168 A.L.R. 337, of the right or interest of the wife or her heirs as against the right reserved to the insured to change the beneficiary. And we do not have a question as in Womack v. Womack, 141 Texas 299, 172 S.W. 2d 307, of the right of the wife on dissolution of the marriage by divorce to have cash surrender value treated as community property in a division of property between the husband and the wife. We are concerned with the ownership of the proceeds of a policy paid by the insurer and on deposit with the clerk of the court.

It is our opinion that under the facts of this case and on the authorities cited and discussed, those proceeds are community property belonging one-half to the estate of the husband and one-half to the estate of the wife.

The judgments of the District Court and the Court of Civil Appeals, except that part of the same awarding $300.00 to John Hancock Mutual Life Insurance Company as attorney's fees, are reversed, and judgment is here rendered awarding one-half of the remaining $8,700 on deposit in the registry of the court to petitioner L. B. Sherman as administrator of the estate of Edna I. Roe, deceased, and one-half of the $8,700 to respondent Raymond Roe as administrator of the estate of James Roe, deceased, and directing the Clerk of the Court to make payment of the funds in accordance with this judgment.

Opinion delivered November 18, 1953.

Rehearing overruled December 16, 1953.