51 Wn.2d 274 (1957)
317 P.2d 528
In the Matter of the Estates of URIAH G. SAUNDERS and BERTHA LEE SAUNDERS.
OLIVE AUSTIN et al., Appellants,
v.
WINNIFRED M. MAJORS et al., Respondents.[1]
No. 33984.
The Supreme Court of Washington, En Banc.
November 7, 1957.
Harry R. Calbom, Jr., and Wayne Roethler, for appellants.
Atwell, Moore & Walstead, for respondents.
MALLERY, J.
Mr. and Mrs. Saunders died simultaneously in an airplane accident on August 26, 1954, in Montana. At the time of their deaths they were, and for many years had been, residents of Cowlitz county, Washington. Neither had children, but both left collateral heirs. There were a number of insurance policies upon the lives of each, which had been purchased with community funds. The beneficiary in each policy was the other spouse. No alternate beneficiaries were named in any of the policies, although some of them provided that, if the beneficiary was not living at the date of the death of the insured, the proceeds of the policy were to be payable to the executor, administrator, or assigns of the insured.
The declaratory judgment in this case decreed, in effect, that one half of the proceeds of each of the policies should go to the estate of each spouse for distribution.
There were more insurance avails under the husband's policies than under those of the wife. His collateral heirs have appealed.
Appellants contend they should take all the avails of the policies in which the husband was the insured and the wife's collateral heirs should take only the avails of the policies in which she was the insured.
Laws of 1943, chapter 113, § 4, p. 258 (RCW 11.05.040, *276 Rem. Supp. 1943, § 1370-4 [formerly RCW 11.04.210]), provides:
"Where the insured and the beneficiary in a policy of life or accident insurance have died and there is no sufficient evidence that they have died otherwise than simultaneously the proceeds of the policy shall be distributed as if the insured had survived the beneficiary." (Italics ours.)
Compare Uniform Simultaneous Death Act, 9C U.L.A. 167, § 5 (recommending amendment in community property states).
[1, 2] The devolution of the proceeds of the insurance in which the husband was the insured must be distributed according to the statute, as if he had survived his wife. The survival of the husband caused both his half and her half of the community property, in the life insurance policies upon his life, to pass to his estate. His half did so because he had a vested interest in one half of the surrender value of the policies in his own right, which he could take or dispose of by will. In re Towey's Estate, 22 Wn. (2d) 212, 155 P. (2d) 273.
[3, 4] Her vested community half of the proceeds of the insurance on his life went first to the personal representative of her estate, and then by inheritance to him as the statutory surviving spouse by virtue of RCW 11.04.050 [cf. Rem. Rev. Stat., § 1342], which provides that, when a spouse dies without issue, all the community property goes to the survivor to the exclusion of the collateral heirs. Since both community halves of the proceeds of the insurance on his life go to his estate, his collateral heirs take them to the exclusion of her collateral heirs.
The respondents contend, to the contrary, that the wife had a vested interest in her community half of the proceeds of the insurance on her husband's life, which, upon her death, goes to her estate for distribution, and that the distribution must be to her collateral heirs, not to her husband's estate. This is predicated upon the theory that the insurance proceeds in the hands of her personal representative are to be treated as any other property subject to inheritance and *277 must be distributed under the provisions of Laws of 1943, chapter 113, § 1, p. 257 (RCW 11.05.010, Rem. Supp. 1943, § 1370-1 [formerly RCW 11.04.180]), which provides:
"Where the title to property or the devolution thereof depends upon priority of death and there is no sufficient evidence that the persons have died otherwise than simultaneously, the property of each person shall be disposed of as if he had survived, except as provided otherwise in this act."
We do not agree that the proceeds of the insurance lose their identity as such.
[5] We hold that the statutory survival of the insured spouse continues to the ultimate distribution of insurance proceeds. When the proceeds of insurance on the husband's life reach the wife's personal representative for distribution, the husband is still a statutory survivor, and his estate takes to the exclusion of her collateral heirs.
The declaratory judgment is reversed. The cause is remanded with directions to enter a judgment which will provide that the husband's collateral heirs take all of the proceeds of the policies in which he was the insured, and the wife's collateral heirs take all of the proceeds of the policies in which she was the insured. It is so ordered.
HILL, C.J., DONWORTH, FINLEY, WEAVER, ROSELLINI, OTT, and FOSTER, JJ., concur.
March 17, 1958. Petition for rehearing denied.
NOTES
[1] Reported in 317 P. (2d) 528.