**Mrs. Lorraine BROWN and Sharon Brown, Appellants,**

**v.**

**Norman A. LEE, Independent Executor of the Estate of Mrs. Norman A. (Marie) Lee, Deceased et al., Appellees.**

No. 4045.

Court of Civil Appeals of Texas.

Waco.

Nov. 1, 1962.

Rehearing Denied Nov. 21, 1962.

Fanning, Billings, Harper, Pierce & Gilley, Turner, Rodgers, Winn, Scurlock & Terry, John H. McElhaney, Dallas, for appellants.

Knox W. Sherrill, John W. Collins, Jr., O. O. Touchstone and John B. Webster, Dallas, for appellee.

WILSON, Justice.

Insured and his wife, who was the life insurance beneficiary, died intestate and without children in a common disaster. Admittedly, there is no evidence they died otherwise than simultaneously. The policies on the husband's life were purchased with community funds.

The administrator of the estate of insured and his wife listed one-half of the proceeds of the life insurance policies as an asset of each estate in the inventory and list of claims filed in the probate court. On motion of the husband's heirs the probate court ordered that the entire proceeds be inventoried as an asset of the husband's estate, with only one-half the surrender values to be listed in the inventory of the wife's estate. The district court, on appeal, ordered the inventory relating to proceeds approved as originally filed, reciting that ownership and title were vested one-half in each estate. The husband's heirs appeal.

Appellants contend the courts below were without jurisdiction to deal with the inventory, since determination of title, beyond the jurisdiction of the probate court, was involved. Neither the probate court, nor the district court on appeal, could change the ownership of property "by simply approving an inventory and appraisement to that effect." Smith v. Buss, 135 Tex. 566, 144 S.W.2d 529, 532; nor did they have power to determine title to the proceeds. Edwards' Heirs v. Mounts, 61 Tex. 398, 399. But in approval or modification of the inventory, questions of title were only incidentally involved. The inventory is not conclusive of title, and is only prima facie evidence thereof; and the order of the probate court was appealable. Krueger v. Williams, Tex., 359 S.W.2d 48, 50. Under the latter decision we are required to determine whether the probate court correctly modified the inventory and appraisement.

Appellants contend that Probate Code, Section 47(e), V.A.T.S. requires the proceeds to be inventoried in the husband's estate. This section provides: "When the insured and the beneficiary in a policy of life or accident insurance have died and there is no direct evidence that they have died otherwise than simultaneously, the proceeds of the policy shall be distributed as if the insured had survived the beneficiary."

Appellees say the inventory is controlled by Section 47(b) of the Probate Code: "Disposal of Community Property. When a husband and wife have died, leaving community property, and there is no direct evidence that they have died otherwise than simultaneously, one-half of all community property shall be distributed as if the husband had survived, and the other one-half thereof shall be distributed as if the wife had survived, * * *." Recognizing the literal import of Section 47(e) is that there is no distinction to be made between community and other property, appellees urge us to engraft a limitation on its application to separate property or to situations in which persons other than a spouse are beneficiaries. We may not so construe Sec. 47(e) for the reason, among others, that there is an express exception in Sec. 47(b) on its application to insurance proceeds under Sec. 47(e): Community property is to be distributed as provided in subsection (b) of Sec. 47, "except as provided in Subsection (e) of this Section."

Section 47 of the Probate Code, Acts 1955, has its source in Acts 1951, 52nd Leg., p. 322, ch. 196 (previously codified as Art. 2583a). The basic source of the latter enactment was the Uniform Simultaneous Death Act, 9c Uniform Laws Ann., 160, 1940 Handbook 265, approved by the National Conference of Commissioners in 1940. The Commissioners' note prefatory to the act stated the theory and formula of the Uniform Act was a simple one: "that as to the property of each person he is presumed to be the survivor". Id. p. 158. At the time of the adoption of the 1951 Act there was no reported judicial decision construing the sections of the Uniform Act equivalent to the Texas provisions with which we are concerned.

In 1953, on facts arising before Art. 2583a became effective, the Supreme Court decided Sherman v. Roe, 153 Tex. 1, 262 S.W.2d 393, in which it was impossible to determine whether the insured husband or the beneficiary wife died first in a common disaster. It was there held that where facts as to survivorship could not be proved, and since there was no applicable presumption, the proceeds were community property by virtue of Art. 4619, Vernon's Ann. Texas Civ.St., providing that effects which the husband and wife possess at the time the marriage may be dissolved shall be regarded as common effects, unless the contrary shall be satisfactorily proved.

A subsequent decision, Warthan v. Haynes, 155 Tex. 413, 288 S.W.2d 481, 1956, in which the insured husband survived the beneficiary wife a brief time, distinguished Sherman v. Roe on the ground the proceeds were not effects "possessed" by husband and wife when the marriage was dissolved, under Art. 4619. The husband's estate was alternate beneficiary. The holding relating to whether the policy and proceeds were "property" led to the amendment of Art. 23, V.A.T.S. in 1957 to include "life insurance policies and the effects thereof" in the definition of "property". The holding or necessary implication in the

decision is that no constructive fraud resulted from the fact that the husband's estate became beneficiary because of the prior death of the wife, as was the case in Martin v. Moran, 11 Tex.Civ.App. 509, 32 S.W. 904. It was held the wife's estate was not entitled to reimbursement. See Hilley v. Hilley, 161 Tex. 569, 342 S.W.2d 565, 570.

■ In our opinion the interpretation given to Secs. 47(b) and 47(e) of the Probate Code in In re Wedemeyer's Estate, 109 Cal.App.2d 67, 240 P.2d 8, 1952, is sound. We agree also with the conclusion there that the character of the property was not changed by the fact the proceeds had to be distributed in the husband's estate; that the persons who are to succeed are not designated in Secs. 47(b) and 47(e), which "do not purport to do anything but solve the difficulty" caused by simultaneous death "by providing who for purposes of distribution, is considered to have died first." At that point California applied its community property succession statute, for which there is no Texas counterpart, so that one-half of the proceeds went to the heirs of each spouse.

At that same point, we apply the rule quoted from Lee v. Lee, 112 Tex. 392, 247 S.W. 828 in Sherman v. Roe: the insured here, by force of the presumption created by Sec. 47(e) having survived his wife, the deceased is in the position of one who designated no beneficiary under policies paid for with community funds, and thereby "having failed to designate any beneficiary, the benefits became vested in his estate, subject to the laws applicable to that estate. And this 'estate' must be construed to be the general or community estate of which he is head and master, and not his separate estate." No alternate beneficiary having been designated, (other than the insured's estate) and the proceeds becoming thereby payable to the estate as community, may the insured do voluntarily what he may not do involuntarily?

In Sherman v. Roe the further rule was quoted and applied: "The courts of this

State have held that proceeds of a life insurance policy taken out by the husband and payable to the estate of the decedent, the premiums of which were paid for with community property belonging to the community estate, are one-half the property of the wife, and that said part is no part of the estate of the husband."

It is no more possible to prove the husband survived the wife in the present case than in the latter case. The presumption afforded by Sec. 47(e) if applied in this case to the deaths of husband and wife makes the policy payable to the estate of the husband. As said in Sherman v. Roe, "If it is so regarded, then under the rule above quoted the proceeds of the policy are community property."

If it be said the practical effect of Rule 47(e) is for the husband to name his estate alternate beneficiary, which must be the alternative conclusion, "The effect of awarding all of the proceeds to the separate estate of the husband would be to hold that he can give his wife's interest to himself," thereby enlarging his estate at the expense of the community. Sherman v. Roe, 153 Tex. 1, 262 S.W.2d 393, 399; Martin v. Moran, 11 Tex.Civ.App. 509, 32 S.W. 904, 906.

It is significant that the Commissioners' comment on In re Wedemeyer's Estate, 1953 Handbook p. 251 concludes the *"result"* in that case is considered correct; that distribution should be made as if the insured had survived, "and that the distribution should be as community property of the

insured and the beneficiary." It is there also said Section 47(e) "does not change the character of ownership of the policy and does not change the law of succession to community property." The premise upon which In re Saunders' Estate, 51 Wash.2d 274, 317 P.2d 528, 1957, is based is not consistent with Texas law.

Under the stipulation and admissions of the parties, and the record presented, our holding here is likewise applicable to the payment made by Provident Life and Accident Insurance Company.

Our opinion as to the construction, application and interpretation to be given Sec. 47(e) is expressly limited to the facts of this case concerning spouses, and policies on which premiums were paid by community funds.[1] The present contracts provided payment should be made to the insured's estate if the beneficiary did not survive.

■ In our opinion the judgment of the District Court correctly determined that the inventory relating to the proceeds here involved should be approved as filed. Since the judgment goes beyond that point, it is modified so as to delete the second from last grammatical paragraph thereof, and recitals as to ownership and title; and to substitute therefor our judgment: it is ordered that the inventory be approved as filed, as it relates to $50,822 community claims under contracts therein listed. The District Clerk is directed to certify our judgment to the probate court for observance.

1. In 1953 the National Conference of Commissioners on Uniform State Laws adopted a suggested amendment to the section of the Uniform Simultaneous Death Act to add to what is Texas Probate Code, Sec. 47(e): "except if the policy is community property of the insured and his spouse, and there is no alternative beneficiary except the estate or personal representative of the insured, the proceeds shall be distributed as community property", under what is Texas Probate

Code Sec. 47(b). The comment, 1953 Handbook p. 251, states this amendment is proposed to meet the suggestion of the dissent in In re Wedemeyer's Estate to the effect that if it intended other than a literal application of the equivalent of Sec. 47(e) the Legislature could have omitted the exception in Sec. 47(b), or "tacked it on" to Sec. 47(e), so as to indicate life insurance with community characteristics should be distributed as other community property.