**Mrs. Lorraine BROWN et al., Petitioners,**

v.

**Norman A. LEE, Individually and as Independent Executor of the Estate of Mrs. Norman A. (Marie) Lee, Deceased, et al., Respondents.**

No. A–9402.

Supreme Court of Texas.

Oct. 2, 1963.

Rehearing Denied Nov. 13, 1963.

Fanning, Billings, Harper, Pierce & Gilley, Turner, Rodgers, Winn, Scurlock & Terry, John H. McElhaney, Dallas, for petitioners.

Knox W. Sherrill, John W. Collins, Jr., O. O. Touchstone and John B. Webster, Dallas, for respondents.

GREENHILL, Justice.

The controversy of this suit is over title to proceeds of several insurance policies, purchased with community funds, where both the insured-husband and the beneficiary-wife died in a common disaster. There was no evidence that the spouses died otherwise than simultaneously in the crash of their private airplane. Both died intestate and without children. The heirs of the husband are Petitioners in this Court, and the heirs of the wife are Respondents. Respondents also filed an application for writ of error.

Of the four policies insuring the husband's life and payable to the wife, two yielded proceeds totaling $50,820. Liability on the remaining two policies for $10,000 and $1,000, respectively, was denied by the insurance companies. The common administrator for the estates inventoried not only the cash received but also the rights to any future proceeds under the contested policies which the administrator valued at $1.00 each. The administrator then divided these assets equally between the two estates. However, the probate court ordered all present and future proceeds to be inventoried as assets of the husband's estate. On appeal by the wife's heirs, the district court, in a trial de novo, held that each estate was entitled to one-half of the total proceeds. The Court of Civil Appeals affirmed. Tex.Civ.App., 362 S.W.2d 381. This Court is in agreement with the order of the probate court.

In determining the rights of the opposing heirs, §§ 47(b) and 47(e) of the Texas Probate Code, V.A.T.S., relating to "Passage of Title Upon Simultaneous Death" must first be examined:

"§ 47(b). *Disposal of Community Property.* When a husband and wife have died, leaving community property, and there is no direct evidence that they have died otherwise than simultaneously, one-half of all community property shall be distributed as if the husband had survived, and the other one-half thereof shall be distributed as if the wife had survived, except as provided in Subsection (e) of this Section."

"§ 47(e). *Insured and Beneficiary.* When the insured and the beneficiary in a policy of life or accident insurance have died and there is no direct evidence that they have died otherwise than simultaneously, the proceeds of the policy shall be distributed as if the insured had survived the beneficiary."

■ The last phrase of § 47(b) clearly directs that § 47(e) shall be controlling where proceeds of insurance are involved. It is our opinion that the latter provision requires all of the proceeds to be distributed to the estate of the insured-husband. In the present case, there being no evidence of which spouse died first, it is statutorily presumed under § 47(e) that the insured-husband survived for purposes of distributing insurance proceeds. The enactment of this survivorship presumption in 1951 foreclosed the applicability of the equal distribution rule of Sherman v. Roe, 153 Tex. 1, 262 S.W.2d 393, (1953), wherein there was neither evidence nor statutory presumption to establish survivorship.

■ The legal theory of title to insurance proceeds heretofore followed by this Court and most recently reviewed in the majority opinion of Warthan v. Haynes, 155 Tex. 413, 288 S.W.2d 481 (1956) appears to have been altered by a recent legislative amendment. A 1957 amendment to article 23(1), Vernon's Ann.Civ.Stats., enlarged the statutory definition of "property" so that it now includes "insurance policies and the effects thereof." [1] The legislature has thus aligned Texas with other community property states in adhering to the theory that the right to receive insurance proceeds payable at a future but uncertain date is "property." Such property is said to be in the nature of a chose in action which matures at the death of the insured. The foregoing statement of the consequences flowing from the amendment is in agreement with Professor Huie's analysis in his article, *Community Property and Life Insurance—Substantive Aspects—Developments* in Texas, 2 Texas Institutes 104 (1957).

■■ When purchased with community funds, the ownership of the unmatured chose logically belongs to the community, unless it has been irrevocably given away under the terms of the policy, i. e., where the purchaser has, without fraud, foreclosed any right to change the named beneficiary as in Evans v. Opperman, 76 Tex. 293, 13 S.W. 312 (1890). The proceeds at maturity are likewise community in character, except where the named beneficiary is in fact surviving, in which case a gift of the policy rights to such beneficiary is presumed to have been intended and completed by the death of the insured.

Under circumstances where the uninsured spouse predeceases the insured spouse, settlement of the decedent's community interest in the unmatured chose has ordinarily been resolved by allocating one-half of the cash surrender value to the deceased's estate and the other one-half, plus ownership of the unmatured chose, to the surviving spouse. Thompson v. Calvert, 301 S.W.2d 496 (Tex.Civ.App.1957, no writ). But in the present case, where settlement of the deceased wife's community interest in the policies was not made prior to the death of the insured and her heirs were not guilty of laches in failing to seek such compensation, the wife's community interest was never extinguished and the policies retained their community status up to the time of maturity. Consequently, the proceeds are community.

■ Since the proceeds were community and the husband was the wife's survivor for insurance purposes under § 47(e), the wife's one-half of the proceeds passed to the husband's estate under the statutes of descent

1. The statute's emergency clause expressly states the reason for its passage: "The fact that the case of Warthan v. Haynes, 155 Tex. 413, 288 S.W.2d 481, decided by the Supreme Court of the State of Texas, casts some doubt on the status of life insurance policies as property creates an emergency * * *."

and distribution. Section 45 of the Probate Code contains the applicable rule of intestacy:

"§ 45. *Community Estate.* Upon the dissolution of the marriage relation by death, all property belonging to the community estate of the husband and wife shall go to the survivor, if there be no child or children of the deceased or their descendants; * * *."

Our conclusions in the present case are in accord with those of our sister community property states. In re Saunder's Estates, 51 Wash.2d 274, 317 P.2d 528 (1957) and In re Wedemeyer's Estate, 109 Cal.App.2d 67, 240 P.2d 8 (1952), the Supreme Courts of Washington and California held that proceeds from policies maturing on the simultaneous death of the insured-husband and the beneficiary-wife were community property because they reflected a community chose in action. But in each case, since the wife died intestate and childless, and her husband was presumed to be her survivor under the insurance provision of the simultaneous death act, the wife's one-half of the proceeds passed from her estate to her husband's under ordinary rules of inheritance. As in the Saunder's case, the entire proceeds here in issue became the separate property of the husband's estate via (1) his intestate succession to his wife's one-half interest, and (2) his ownership of the other one-half as a member of the community.[2]

The National Conference on Uniform State Laws has also focused upon the exact issue before us now in an amendment to the Uniform Simultaneous Death Act in 1953. Apparently realizing that their original draft of the insurance provision compelled the result reached here, the Commissioners adopted the following italicized amendment:

§ 5. Insurance Policies. Where the insured and the beneficiary in a policy of life or accident insurance have died and there is no sufficient evidence that they have died otherwise than simultaneously the proceeds of the policy shall be distributed as if the insured had survived the beneficiary, *except if the policy is community property of the insured, and his spouse, and there is no alternative beneficiary, or no alternative beneficiary except the estate or personal representatives of the insured, the proceeds shall be distributed as community property under Section 4.*

As indicated by the Commissioners' comments in the 1953 Handbook of Proceedings, p. 251, this amendment was precipitated by the California Wedemeyer opinion, the reasoning of which we have here followed (though reaching a different result because our jurisdiction does not have the special tracing statute). Our 1955 Probate Code did not include the Commissioners' suggested amendment, nor did it introduce the California tracing principle which might also have produced an equal division of the proceeds. The conclusion is evident that the existing Texas statutes have not provided for equal distribution of proceeds under the present facts.

█ It is argued by Respondent that in the event § 47(e) does require a distribution of the proceeds to the husband's estate, the statute must be condemned as an unconstitutional legislative attempt to change community property into separate property in violation of Article 16, Section 15 of the Texas Constitution, Vernon's Ann.St. We do not agree. This is not a situation parallel to Arnold v. Leonard, 114 Tex. 535, 273 S.W. 799 (1925), in which the legislature declared that the status of revenues of the wife's separate real property was to be changed from community property to her separate property. On the contrary, the insurance proceeds here in question are

---

2. In the Wedemeyer case, the California Court was compelled by special tracing statute to go one step further and award the wife's one-half, which had been inherited by the husband by reason of his presumed survivorship under the uniform simultaneous death act, back to the wife's heirs. Consequently, the Court reached a result opposite of ours in the present case.

recognized to be community property, and the transplantation of the wife's one-half into the husband's separate estate is a result of the normal application of the statutes of descent and distribution. Moreover, if the wife had written a will, her one-half of the proceeds would have passed to her devisees instead of her statutory heir (her husband); so it cannot be said that § 47(e) has the purpose of arbitrarily favoring the husband's separate estate.

Respondents further argue that fairness and equity should give the wife's estate a right of "reimbursement" for one-half of the proceeds of the policies because premiums were paid for with community funds. Respondents do not seek to invoke the doctrine of equitable reimbursement to recover the community funds which were actually disbursed in payment of premiums, but rather to reach the proceeds in circumvention of the legislative directives in § 47(e). It might well be argued that the result here is inequitable and inconsistent with the probable intentions of the deceased spouses; nonetheless, the conscience of a court of equity cannot speak in the face of a clear legislative mandate to the contrary.

█ The remaining argument made by Respondents is that one of the policies in question does not come within the scope of § 47(e) which purports to cover "policy[ies] of life or accident insurance." Respondents argue that since benefits under one of the policies were payable in the form of continuing, monthly sums, such policy was an "annuity contract" and not an insurance policy within the statute's purview. We disagree. The policy was merely a particular type of life insurance coverage, often called an annuity, wherein the insurance benefits were payable in monthly installments for twenty years instead of one lump sum. Respondents further argue that since the above policy nowhere stated that the wife's rights as beneficiary were dependent on her surviving her husband, the policy was an unconditional gift by the husband to his wife. This contention fails in view of the fact that the husband re-

tained the right to change the beneficiary, and therefore the wife acquired no vested, separate ownership of the policy at the time it was purchased.

The judgments of the Court of Civil Appeals and the District Court are reversed, and the cause is remanded to the district court with instructions to enter judgment in accordance with this opinion and to certify judgment to the probate court for observance. Rule 311, Texas Rules of Civil Procedure.

WALKER, Justice.

I respectfully dissent. The court properly recognizes that the proceeds of the several insurance policies were community property. It reasons, however, that the same passed to the husband's estate under the terms of Section 45 of the Probate Code, because the wife left no will, was survived by no child or other descendant, and is deemed to have died first by virtue of the provisions of Section 47(e). And yet the policy proceeds would be owned equally by the estates of the husband and wife if the estate of the former had been designated as primary beneficiary in the first instance. Even if some third person had been named as beneficiary, the community interest of the wife would not be affected by the simultaneous deaths of the husband and the beneficiary. Her heirs are thus deprived of any share of the insurance proceeds merely because the husband sought to provide for her security and protection by naming her as the beneficiary. Where the literal language of a statute leads to such absurdly inconsistent and unjust results, it seems to me that we should delve a bit more deeply for the legislative intent.

Section 47 of the Probate Code "operates on the principle that, where title to property or its devolution depends upon fixing the relative times of death and it is impossible to prove the order of death, the property of each decedent passes as if he or she were presumed to survive persons dying in the same disaster who would take only by reason of their survival. The result is that

property rights of one who must survive the owner in order to realize such are cut off and the property passes through the deceased owner's estate. Since each spouse is considered to be the owner of one half of the community property, the community property section of the act extends the presumption of survival to both spouses, when order of death is uncertain, providing that one half of the community property passes as if each spouse had survived. The insurance provision * * * creates a conclusive presumption that the insured survived, thus defeating a beneficiary's right to receive the proceeds of a policy where his right is dependent upon his surviving the insured." 41 Tex.L.Rev. 832.

The paramount purpose of the Legislature was to make certain that property would pass and vest as if the owner thereof had survived. This is the effect of Section 47(e) in the ordinary case where the insured is the owner of the policy and the beneficiary has only a contract right to receive the proceeds in the event he survives. When a community insurance policy is taken out on the life of the husband, he has the power to designate the wife or some third party as primary or alternate beneficary. The contract will then be enforced in accordance with its terms unless the transaction is fraudulent as to the wife. If the wife is primary beneficiary and a third party has been designated as alternate beneficiary, the latter would, by virtue of the provisions of Section 47(e) and our decisions relating to third party beneficiary contracts and the powers of the husband as manager of the community estate, be entitled to the proceeds upon the simultaneous deaths of the husband and wife. It was this latter situation that led to the insertion of the exception at the conclusion of Section 47(b).

Under the court's interpretation of Section 47, the two principles declared by the lawmakers, i. e., devolution of property as if the owner survived and distribution of insurance proceeds as if the designated beneficiary died first, are entirely consistent in most instances but utterly inconsistent when a community insurance policy on the life of the husband is payable to the wife and there is no alternative beneficiary other than the estate of the insured. From a consideration of the entire statute, it seems clear to me that the presumption of survival created by Section 47(e) governs only the right of a beneficiary to take in that capacity. This construction harmonizes all provisions of the law and carries out the legislative scheme for distribution of property in cases of simultaneous death. In my opinion devolution of the wife's community interest in policies on the life of the husband is not affected by Section 47(e), and the same should be held to pass and vest in accordance with the provisions of Section 47(b). I would affirm the judgment of the Court of Civil Appeals.