64 Wn.2d 320 (1964)
391 P.2d 547
In the Matter of the Estates of PAUL E. CLISE et al., Deceased.
WILLIE WATKINS et al., Appellants,
v.
SARAH ELIZABETH SELLERS, Respondent.[*]
No. 37034.
The Supreme Court of Washington, Department One.
April 23, 1964.
*321 Stephen E. Chaffee, for appellants.
Gordon & Ripple and Peterson, Taylor & Day, for respondent.
ROSELLINI, J.
Paul E. Clise and Beulah Fay Clise, husband and wife, entered into a community property and survivorship agreement in 1958, by the terms of which all of their property was made community property, which should vest in the survivor on the death of either party. There was no provision for distribution of the property in the event of the simultaneous deaths of the parties.
On June 20, 1961, Paul and Beulah Clise died simultaneously in an automobile accident in Adams County. Each left a will naming the other as sole beneficiary. These wills contained no provision for distribution of the estates of the parties in the event of their simultaneous deaths.
The Clises owned several insurance policies, most of which insured the life of the husband. In the probate of his estate, the court decreed that the proceeds of the policies insuring his life should be paid to his estate and pass to his legal heirs. The heirs of the wife appeal from the order approving final account and decree of distribution in the estate of Paul E. Clise and from the order approving final account in the estate of Beulah Fay Clise, which denied the appellants' motion to include in the property of that estate one half of the proceeds of the policies insuring the life of Paul E. Clise.
The court in each instance followed the holding of In re Saunders' Estates, 51 Wn. (2d) 274, 317 P. (2d) 528, wherein we held that RCW 11.05.040 applies to policies of insurance which are community property. That statute provides:
"Where the insured and the beneficiary in a policy of life or accident insurance have died and there is no sufficient evidence that they have died otherwise than simultaneously the proceeds of the policy shall be distributed as if the insured had survived the beneficiary."
*322 Against the contention that the wife had a vested interest in one half of the proceeds of the policies insuring the husband's life, which were community property, we held that, as the statutory survivor, the husband was entitled to all of the proceeds. Consequently, his heirs took the proceeds, to the exclusion of the heirs of the wife.
The arguments advanced by the heirs of the wife in that case are urged again by the appellants here. We have re-examined the reasoning which led to the conclusion reached in that opinion and do not find it to be in error.
According to the community property agreement and the wills of Paul E. and Beulah Fay Clise, it was their intent that the survivor of them should inherit all of the property. By the terms of the statute, in the case of each insurance policy, the insured was deemed the survivor, and consequently was entitled to the proceeds.
The appellants advance a theory that their community-property agreement was a "deed" providing for a distribution of the property different from the provisions of RCW 11.05.040, and therefore exempted from its operation by RCW 11.05.050. That section reads:
"This chapter shall not apply in the case of wills, living trusts, deeds, or contracts of insurance wherein provision has been made for distribution of property different from the provisions of this chapter."
[1, 2] The answers to this are twofold. First, the agreement was not a deed, and second, it contained no provision for distribution of the proceeds of the policy different from the provisions contained in the statute. In fact, it made no provision at all for distribution of the proceeds in the event of the simultaneous deaths of the parties to the agreement. It is not out of harmony with the statute. Since parties are presumed to contract with reference to existing statutes (and RCW 11.05.040 was first enacted in 1943), and since the parties provided that the survivor should take all of the property, it would appear that these parties intended that the proceeds of their insurance should pass according to the provisions of the statute.
*323 [3] It is also suggested that, because the policies were property of the community, the community was the "insured," and therefore the proceeds should be divided equally between the estates of the husband and wife. Since this statute comes into operation on the death of the insured, it is evident that the legislature, in using the term "insured," meant to refer to the person whose life is insured. This contention of the appellants is likewise without merit.
The orders appealed from are affirmed.
OTT, C.J., HILL, HUNTER, and HALE, JJ., concur.
July 10, 1964. Petition for rehearing denied.
NOTES
[*] Reported in 391 P. (2d) 547.