Norma Jean **ASHMORE**, Appellant,

v.

Pearl **CARTER**, et al, Appellees.

No. 09–85–199 CV.

Court of Appeals of Texas,
Beaumont.

Aug. 28, 1986.

Joan Miller Denton, Missouri City, for appellant.

Chester Young, Nederland, W.C. Lindsey, Port Arthur, for appellees.

## OPINION

BROOKSHIRE, Justice.

Appeal from an order of the County Court at Law No. 1 of Jefferson County determining and holding that a $32,400.00 life insurance policy, provided through Texaco, Inc., was community property. From the court's order, it can be presumed that *only ½ of the proceeds* are to be paid into Knox Paine's estate. The other ½ of the proceeds apparently must be paid directly to the surviving widow, Vera Paine, the second wife. Norma Jean Paine Ashmore is the elder daughter of Knox Paine. It is admitted by all parties that the Testator, Knox Paine, had designated his estate as the sole beneficiary for the proceeds of the $32,400.00 life insurance. The Appellant argues that all the proceeds from the life insurance should be paid directly to the estate of Knox Paine through his Independent Executrix, Pearl Carter.

This part of the trial court's order is attacked in a 2-prong fashion. First, Appellant argues that the policy was the separate property of Knox Paine because he acquired the policy while working for Texaco, Inc., some 18 years before his marriage to his second wife, Vera. Secondly, Appellant contends that the County Court at Law's order, overriding and disregarding the testator's designated beneficiary, is error as a matter of law.

Appellant also challenges another part of the trial court's order. Appellant contends that the individual retirement account of Knox Paine (I.R.A. Account) should be paid into his estate. The court ordered the $77,-781.24 I.R.A. to be paid directly and entirely to Vera. The Appellant vehemently argues that, as evidenced by the I.R.A. Certificate, itself, it was purchased with the testator's lump sum distribution from a group pension plan paid by Texaco, Inc., upon Knox Paine's retirement in 1980. Appellant also contends that the Internal Revenue Code does not permit the exclusion of an I.R.A. Account from the estate of a decedent, citing *I.R.C. Sec. 2039(e)* (1979).

We have no statement of facts. The trial court made no findings of fact nor conclusions of law, none having been requested. The record before us consists of a Transcript and a Supplemental Transcript.

The trial court recited in its order of April 16, 1985, that:

" ... [T]he Court agrees will [sic] all three counsel of record that the questions before the Court are questions of law and outside of the evidence of record in the depositions, etc., there was no need for any further testimony...."

We must stress that our record is dismally silent on some of the basic, controlling facts to sustain the theories advanced by either, or all, of the parties to this appeal. We do not find any evidence of when Knox Paine was first employed by Texaco, Inc., or when he obtained the $32,400.00 life insurance contract through Texaco, Inc. Appellant argues for the "origin of the title" or the inception of title rule, arguing that the $32,400.00 life insurance policy is the separate property of Knox. That is simply not shown in the record. Appellees do not show that there is any equitable lien against the proceeds from community property contributions or payments of premiums derived from community property funds.

Appellant contends that the title to the life insurance contract " 'depends upon the existence or nonexistence of the marriage at the time of the incipiency of the right in virtue of which the title is finally extended.' " *Creamer v. Briscoe*, 101 Tex. 490,

109 S.W. 911 (1908). This contention is not shown in the record.

### The Individual Retirement Account of Knox Paine

■ In the Supplemental Transcript, there is a "Designation or Change of Beneficiary". By this document, Knox Paine provided, and the document unequivocally states, that:

"I hereby revoke any Beneficiary Designation previously made with respect to this account. In the event of my death, pay benefits to the following or the survivors thereof:

"Full Name Soc. Sec. No. or Relationship Complete
Taxpayer's ID No. Address

"Vera Rae Paine 435–09–1762 wife 3027 Ave. G
Nederland, Texas
77627"

This "Designation or Change of Beneficiary" was executed on August 30, 1982. The document further provided:

"I understand this Designation or Change of Beneficiary will be effective on the date of receipt by the Custodian or Trustee and that upon any change of beneficiary, the right of all previously designated beneficiaries to receive benefit under this account shall cease."

Appellant's attacking thrust is simply that the rules governing and controlling the Individual Retirement Accounts are controlled by the *I.R.C. Sec. 2039(e)* (1979), which, Appellant argues, forbids the exclusion of the I.R.A. proceeds from the decedent's estate. Appellant's position is that *Sec. 2039(e)* permits the exclusion of an I.R.A. from the estate of the decedent only if the annuity is paid for the entire life of the beneficiary or in 36 or more installments. Appellant contends that the proceeds of the I.R.A. were paid in one lump sum to Vera Paine.

We clearly perceive that this section of the Internal Revenue Code deals with the prohibited exclusion of the value of I.R.A.'s from the *gross estate of a decedent when calculating the federal estate tax.* Appellant's reliance on *I.R.C. Sec. 2039(e)* is misplaced.

*TEX.PROB.CODE ANN. sec. 436* (Vernon 1980) sets out definitions concerning non-testamentary transfers. *Sec. 436(1)* defines "Account" as a:

" ... contract of deposit of funds between a depositor and a financial institution, and includes ... certificate of deposit ... and other like arrangement."

Knox Paine executed an Individual Retirement Custodial Account, being form No. 5305–A, pursuant to the Internal Revenue Code. It provided that if the depositor died before his or her entire interest in the account had been distributed, then the distribution could be made for the beneficiary or beneficiaries of the depositor *or the depositor's surviving spouse.* Vera was the surviving spouse. Also, the Individual Retirement Custodial Account specifically provided that the account under *I.R.C. sec. 408(a)* (1978) was to provide for the support of his beneficiary or beneficiaries after death. Pursuant to this custodial account, he executed the designation of a beneficiary set forth above.

We hold that the designation of beneficiary, dealing with his Individual Retirement Account, signed by Knox Paine on August 30, 1982, vested Vera Paine with the entire benefits of the I.R.A. Certificate No. B 801410, in the InterFirst Bank of Nederland, in the amount of $77,781.24.

### The Life Insurance Policy

■ The Last Will and Testament of Knox Paine was dated October 31, 1983; it was duly entered into probate. No party, at any time, has made an attack upon his Last Will and Testament. The important policy of life insurance is not before us, but all the parties concede that the beneficiary was the estate of Knox. The Appellees' contentions, concerning the life insurance policy, is simply that because the trial court found that the $32,400.00 insurance proceeds were community property and simply because Knox had designated his estate as the beneficiary of that policy that, necessarily, a fraud was perpetrated on his widow. We disagree. Nowhere in the Court's Order of April 16, 1985—the paramount,

governing order appealed from—is there any recitation that even smacks of any type of fraud against Vera.

We conclude the trial court fell into error, as a matter of law, when it apparently designated that *only ½ of the $32,400.00 life insurance* was to be paid to the estate. No fraud whatsoever is shown in this appeal. Arguendo, if there was a fraud, it was the most generous, magnanimous, and liberal type of fraud favoring Vera. Knox left his widow, Vera, $77,781.24 by his I.R.A. Account. Also, Knox bequeathed $20,000.00 to Vera by a special bequest in his will.

The Appellees place major reliance on *Brown v. Lee,* 371 S.W.2d 694 (Tex.1963), but the facts of our appeal and the facts in *Brown, supra,* are glaringly and meaningfully different. In *Brown, supra,* the controversy was over the title to the proceeds of several life insurance policies where both the insured husband and the beneficiary wife died in a common disaster. There was no evidence that the spouses died other than simultaneously in the crash of their private airplane. Both spouses died intestate and without children. In the case at bar, Knox Paine, undoubtedly, became deceased first. He left a valid Last Will and Testament. He had children that survived him.

The holding that life insurance proceeds were community property, and the fact that the insurance policy provided that the beneficiary thereof would be the estate of Knox, does not constitute fraud. Therefore, we reform the order of the court below and it is reformed so that the entire $32,400.00 is payable to the estate and the independent executrix thereof, to be distributed or paid out under the terms and provisions of the Last Will and Testament of Knox Paine, deceased. We reform no other part of the Court's order of April 16, 1985. We reform the order of the trial court and, as reformed, affirm.

REFORMED AND, AS REFORMED, AFFIRMED.